■ Louis Lazaro, Respondent, v Charlotte Lazaro, Appellant.—In a matrimonial action in which the parties were divorced by judgment dated April 22, 1976, the defendant wife appeals from an order of the Supreme Court, Westchester

County (Wood, J.), dated December 5, 1989, which, after a hearing, denied her motion to compel the plaintiff husband to convey his one-half interest in the former marital residence to her for the sum of $30,000.

Ordered that the order is affirmed, with costs.

The parties' 1976 judgment of divorce contains a provision stating that "the wife shall have exclusive occupancy of the marital home until she remarries. Upon the remarriage of the wife, the house shall be sold and the net proceeds shall be distributed equally between the husband and wife or the wife shall have the option to buy the husband's interest for the sum of $30,000.00. In the event of the death of the wife, the marital home shall be sold and the net proceeds shall be distributed to the estate of the wife and to the husband".

In 1988, the defendant wife, relying upon this provision, moved to compel the husband to convey his interest in the marital home to her for $30,000. The Supreme Court found the provision of the judgment to be ambiguous, and held a hearing to ascertain the parties' intent.

We agree with the court's conclusions that the evidence adduced at the hearing reveals that the parties intended that the value of the marital residence was to be shared equally by the parties, that the stated consideration of $30,000 was intended only to indicate the market value of the husband's ownership interest at the time the provision was drafted, and that the $30,000 option was not to be kept open in perpetuity. Accordingly, the wife's motion was properly denied. We have considered the wife's remaining contentions and find them to be without merit. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.