■ In the Matter of JENNIE EE., a Child Alleged to be Abused and Neglected. ULSTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; LAURA EE. et al., Respondents. [620 NYS2d 550] —Mercure, J. Appeal from an order of the Family Court of Ulster County (Peters, J.), entered November 5, 1992, which, in a proceeding pursuant to Family Court Act article 10, granted petitioner's motion to withdraw its petitions alleging respondents' child to be neglected.

In 1991, petitioner sought the permanent removal of respon-

dents' then 14-year-old autistic daughter, alleging that respondents had neglected and abused her. Family Court conducted a preliminary hearing to determine the admissibility of the child's purported statements that she had been sexually abused by her father, respondent Mark EE. Given the fact that the child was autistic, petitioner proposed to introduce these statements through the use of facilitated communication, a method of augmented communication that includes the use of a communication aid and the provision of physical support to the autistic individual's arm. Following the hearing, wherein numerous witnesses testified, Family Court held, *inter alia,* that the *Frye* test was applicable *(see, Frye v United States,* 293 F 1013), that facilitated communication failed to meet the standards established for the admission of scientific evidence and, therefore, that the facilitator could not testify to any of the alleged statements (156 Misc 2d 393). It appears that no order was entered in this regard. Thereafter, petitioner moved to withdraw the petitions, respondents did not oppose the application and an order was entered directing that the petitions were withdrawn. Petitioner appeals from this order.

Because petitioner itself requested the specific relief granted (dismissal of the petitions), it is not an aggrieved party within the meaning of CPLR 5511, applicable by virtue of Family Court Act § 1118 *(see, Matter of Cherilyn P.,* 192 AD2d 1084, *lv denied* 82 NY2d 652; *Matter of Unborn Baby B.,* 158 AD2d 455, 456; *Goodman v Goodman,* 150 AD2d 636; *see also,* Siegel, NY Prac § 525, at 813 [2d ed]), and its appeal must be dismissed. We note that this is a "case involving abuse or neglect" and, had an order been entered, petitioner could have appealed as of right from Family Court's determination that the facilitator not be permitted to testify to any of the statements allegedly made by the child (Family Ct Act § 1112 [a]). We also note that, although petitioner urges us to reach the merits of the appeal, it has not asserted that it is an aggrieved party or submitted any legal opposition to respondents' argument that the appeal must be dismissed.

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the appeal is dismissed, without costs.