■ ELIZABETH KITCHEN, Plaintiff, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Respondent, et al., Defendants. (And a Third-Party Action.) ANTHONY GRACE & SONS, INC., Fourth-Party Plaintiff-Appellant, v DELTA AIRLINES, INC., Fourth-Party Defendant-Respondent. [633 NYS2d 167] —Appeal from order, Supreme Court, New York County (Shirley Fingerhood, J.), entered January 4, 1994, which *sua sponte* amended a prior order of the same court and Justice, entered on or about October 1, 1993, to dismiss fourth-party defendant Delta Airlines, Inc.'s cross claims as moot, unanimously dismissed, without costs.

In the order entered on or about October 1, 1993, the IAS Court granted fourth-party defendant Delta Airlines' motion for summary judgment dismissing the fourth-party complaint and further awarded it judgment on its cross claims. Delta thereafter moved for an order amending this order to direct the clerk of the court to schedule an inquest to assess damages. In response, the court issued the "supplemental order" from which fourth-party plaintiff Anthony Grace & Sons ("Grace") is attempting to appeal.

The appeal must be dismissed. Grace did not timely perfect its appeal from the first order (22 NYCRR 600.11 [a] [3]) and concedes that the "supplemental order" now appealed from is a "resettled order". We also note that Grace was not aggrieved by the modification made in the resettled order. Since the resettled order had no effect upon the issues appealable by Grace arising from the original order, the time to appeal must be measured from the original order, rendering Grace's present appeal untimely (*see, L.J.B. Corp. v City of New York*, 182

AD2d 485, *lv denied* 80 NY2d 755). Concur—Rosenberger, J. P., Wallach, Rubin, Kupferman and Mazzarelli, JJ.