■ FEDERAL DEPOSIT INSURANCE CORPORATION, Respondent, v J & D EINBINDER ASSOCIATES, INC., Appellant, et al., Defendants. [638 NYS2d 483] —In an action to foreclose a mortgage, the defendant J & D Einbinder Associates, Inc., appeals from a judgment of the Supreme Court, Nassau County (Roncallo, J.), entered December 4, 1993, which, *inter alia,* confirmed the report of sale of a Referee with respect to the subject property and awarded the plaintiff a deficiency judgment in the amount of $4,892,443.75 against J & D Einbinder Associates, Inc.

Ordered that the judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.

The defendant J & D Einbinder Associates, Inc. (hereinafter Einbinder) purchased certain property in Inwood, New York (hereinafter the subject property) in 1987 after acquiring a mortgage loan for over $3,000,000 from Citytrust. Citytrust is now being represented by its receiver, the plaintiff Federal Deposit Insurance Corporation (hereinafter FDIC). Pursuant to the terms of the mortgage commitment, Einbinder established an irrevocable letter of credit for the benefit of Citytrust, valid for two years, in the amount of $600,000. In 1989, Einbinder sold the subject property to the defendant 175 Inwood Associates (hereinafter Inwood). In order to obtain the consent of Citytrust to the sale, Einbinder agreed to extend the letter of credit in favor of Citytrust. Soon after the sale, Inwood defaulted and Citytrust commenced proceedings to foreclose on the mortgage and to draw against Einbinder's letter of credit. In response, Einbinder commenced a related action in Suffolk County to enjoin payment of the letter of credit. This related action was settled by stipulation dated March 31, 1990. Pursuant to the stipulation, Einbinder agreed to obtain a superseding letter of credit in the amount of $400,000 in favor of Citytrust. Einbinder also agreed, *inter alia,* not to defend against the foreclosure action by Citytrust. Eventually, a judgment of foreclosure and sale was issued and the property was sold for $91,000. In the judgment appealed from, the Supreme Court confirmed the sale and entered a deficiency judgment against, among others, Einbinder in the principal sum of $4,723,576. We now reverse and remit the matter for further proceedings.

Pursuant to RPAPL 1371 (4): "all moneys remaining in the hands of a receiver of the rents and profits appointed in the action, after the payment of the receiver's fees and the expenses of the receivership, or any moneys remaining in the hands of * * * an assignee of the rents and profits of the premises, shall be paid to the plaintiff to the extent of the amount, if any, by which the judgment of foreclosure and sale exceeds the amount paid for the property upon the sale." Traditionally, this has been construed to require that "the surplus from a receiver's account is to be credited against a deficiency judgment" *(Hudson City Sav. Inst. v Drazen,* 153 AD2d 91, 94). Here, by stipulation dated "April 1990" between Citytrust and Inwood, Citytrust became, *inter alia,* the assignee of all rents and profits collected on the property. Accordingly, the deficiency judgment should be reduced by the amount of the rents collected by Citytrust, less any expenditures made by Citytrust on the property in accordance with the stipulation. Thus, we remit the matter to the Supreme Court, Nassau County, to determine the amount, if any, by which the deficiency judgment should be reduced.

Further, in light of the November 20, 1990, determination by the Supreme Court that Citytrust was entitled to a default judgment against Einbinder, it is clear that the judgment of foreclosure and sale dated August 20, 1992, intended to provide for recovery of a deficiency judgment against Einbinder. Thus, the court's failure to name Einbinder in the decretal portion of that judgment was a mere inadvertent omission which the court is directed to correct *(see,* CPLR 5019 [a]; *Suffolk Roadways v Hanover Ins. Co.,* 64 AD2d 591). In any event, Einbinder's argument that it is not liable for the deficiency judgment due to this inadvertent omission would be precluded under the doctrine of inconsistent positions *(see, Prudential Home Mtge. Co. v Neildan Constr. Corp.,* 209 AD2d 394; *Environmental Concern v Larchwood Constr. Corp.,* 101 AD2d 591). Einbinder, in settling the related Suffolk County action pursuant to the March 31, 1990, stipulation admitted liability for a deficiency judgment on the property.

We have examined the parties' remaining contentions and find them to be without merit. Rosenblatt, J. P., Ritter, Copertino and Hart, JJ., concur.