■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOCK BALLARD, Appellant. [652 NYS2d 185] —Judgment unanimously affirmed. Memorandum: Upon his plea of guilty to crim-

inal possession of a controlled substance in the second degree, defendant was sentenced to an indeterminate term of incarceration of six years to life. Although the parties acknowledged that defendant was a second felony offender at the time the sentence was imposed, County Court did not state whether the sentence was to run concurrently with or consecutive to the undischarged term of a sentence for manslaughter in the second degree. Subsequently, defendant was returned to the court and, over defendant's objection, the court resentenced defendant to clarify that the sentence would run consecutive to the sentence for manslaughter. Because defendant was a second felony offender, a consecutive sentence was mandatory (*see,* Penal Law § 70.25 [2-a]). Therefore, the court properly exercised its inherent power to correct an ambiguity in its original sentence (*see, People v Minaya,* 54 NY2d 360, 365, *cert denied* 455 US 1024; *see also, People v Wright,* 56 NY2d 613; *People v Horace,* 231 AD2d 948).

There is no merit to the contention of defendant that, because he was previously subject to civil forfeiture proceedings in Federal court, his conviction is barred by the Double Jeopardy Clause (*see, United States v Usery,* 518 US —, 116 Ct 2135).

Defendant was not deprived of effective assistance of counsel (*see, People v Baldi,* 54 NY2d 137, 147). (Appeal from Judgment of Onondaga County Court, Cunningham, J.—Criminal Possession Controlled Substance, 2nd Degree.) Present—Green, J. P., Lawton, Fallon, Callahan and Boehm, JJ.