■ James Tyrone Woolfalk, an Infant, by His Father and Natural Guardian, James T. Woolfalk, et al., Respondents, v New York City Housing Authority, Appellant. [827 NYS2d 149]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered October 17, 2005, which, insofar as appealed from, denied defendant Housing Authority's motion to correct a purported clerical error in the judgment, same court and Justice, entered January 31, 2005, in favor of plaintiff and against defendant, unanimously reversed, on the law and the facts, without costs, and defendant's motion is granted to the extent of amending the penultimate decretal paragraph of said judgment to provide that plaintiff James Tyrone Woolfalk shall have judgment on the sum of $1,866,683.52, which constitutes the present value of the future award less the attorneys' fees and disbursements, with interest on said sum from May 4, 1998 and continuing through the original date of entry of judgment. The Clerk is directed to enter an amended judgment accordingly, setting forth the proper amount of the judgment, including a recomputation of the prejudgment interest on $1,866,683.52 to January 31, 2005 and a provision for postjudgment interest of 9% on the amount of the original judgment, as amended, to July 20, 2005.

CPLR 5019 (a) expressly permits trial and appellate courts to correct or cure mistakes, defects and irregularities not affecting a substantial right of a party, and it is long settled that the trial court has no revisory or appellate jurisdiction to correct by amendment an error in substance affecting the judgment (*Herpe v Herpe*, 225 NY 323, 327 [1919]). While ordinarily the statute contemplates the correction of ministerial mistakes, even errors of substance are correctable where there is support in the record for such change (*see* Siegel, NY Prac § 420 [4th ed]), particularly where the substantive right was not a matter of contention between the parties, was not determined by the court, and the proper result is dictated by the record (*cf. Kiker v Nassau County*, 85 NY2d 879, 881 [1995]).

Here, the judgment was entered upon a stipulation of settlement drafted by defendant and was based upon calculations of present value of the future award by defendant's economist. However, the penultimate decretal paragraph of the judgment, on its face, reflects that a mistake was made in computing "the present value of the future award less attorneys' fees and disbursements."

The present value of the future award is stated to be

$2,585,783.33, which amount is not in dispute. Nor is the amount of attorneys' fees ($986,927.78) and attorneys' litigation expenses ($107,172.03) in dispute. However, in awarding plaintiff "the sum of $1,973,855.55, which constitutes the present value of the future award less the attorneys' fees and disbursements," it is apparent that, although attorneys' fees were subtracted from the award, the $107,172.03 in disbursements mistakenly was not subtracted. Subtracting that amount from $1,973,855.55 results in the correct total of $1,866,683.52 and we amend the judgment accordingly. We also deem it appropriate to award postjudgment interest at the statutory rate to July 20, 2005, the date that defendant tendered checks in what it then considered the correct amount. Concur—Mazzarelli, J.P., Andrias, Sullivan, Nardelli and McGuire, JJ.