■ JONATHAN S. FOLLENDER, Appellant, v BERTON L. MAXIM, Individually and Doing Business as PRIME HARDWOOD, et al., Respondents. [845 NYS2d 484]—

Peters, J. Appeal from an order of the Supreme Court (Coccoma, J.), entered July 5, 2006 in Delaware County, which awarded judgment to plaintiff against defendant Berton L. Maxim.

Plaintiff purchased real property in the Town of Roxbury, Delaware County, which included an assignment of the seller's legal right to assert a cause of action for a "wrongful and/or cutting down/taking of timber" from the purchased property. Defendant Berton L. Maxim and his wife, doing business as

Prime Hardwood, had entered into a contract with plaintiff's adjacent landowners, Valentine Riedman and Christl Riedman, to log their property. In the process thereof, they trespassed on plaintiff's property and removed trees. Plaintiff commenced this action, alleging negligence and conversion, with a request for treble damages, against all such defendants, naming Maxim's wife as Jane Doe Maxim. Although plaintiff ultimately agreed to a stipulation of discontinuance against the Riedmans,* the remaining defendants failed to answer or appear. After learning that Maxim's wife's name was Eileen Tine, plaintiff filed an amended verified complaint against, among others, Maxim and his wife, both individually and doing business as Prime Hardwood (hereinafter collectively referred to as defendants). Again, defendants failed to answer or appear.

After plaintiff successfully moved for a default judgment against them, Supreme Court ordered an inquest. When defendants again failed to appear, plaintiff offered extensive proof which included, among other things, the contract between the Riedmans and Tine, on behalf of Prime Hardwood. Plaintiff also proffered an affidavit from Valentine Riedman which explained that when Maxim came to log his property, he was given a survey map which depicted the Riedmans' boundary line. Valentine Riedman maintained that he was unaware that Maxim would remove timber outside of those boundaries. Michael Greason, a professional forester, testified that 439 trees, of a commercial species, were cut or destroyed from plaintiff's property, 386 of which had a total value of $54,506.68. Supreme Court, upon determining that Maxim trespassed onto plaintiff's property and unlawfully removed trees therefrom, trebled the damages in plaintiff's amended complaint (*see* CPLR 305 [b]), pursuant to RPAPL 861 (1), and awarded $120,000 against Maxim. This order, however, failed to mention Tine. Plaintiff appeals, contending that the failure to include Tine in the order awarding damages was a mistake.

It is well settled that this Court may correct any mistake, defect or irregularity in a judgment, provided that the correction does not affect a substantial right of a party (*see* CPLR 5019 [a]; *Poughkeepsie Sav. Bank, FSB v Maplewood Land Dev. Co.*, 210 AD2d 606, 608 [1994]; *Matter of Fiorillo v New York State Dept. of Envtl. Conservation*, 162 AD2d 929, 930 [1990]). Here, the record is clear that, despite being named in both the original and amended complaint, Tine failed to answer or appear. Although she had the right, despite her default, to offer

---

* Plaintiff also named Marie Riedman, Valentine Riedman's ex-wife, since she formerly owned the subject property.

proof at the inquest (*see Eden Park Health Servs. v Estes*, 2 AD3d 1186, 1187 [2003]), Tine again failed to appear. With evidence confirming that Tine was a signatory in the contract between Prime Hardwood and the Riedmans, we agree with plaintiff that Supreme Court's order must be modified to include Tine in the award of damages (*see Federal Deposit Ins. Corp. v J & D Einbinder Assoc.*, 224 AD2d 655, 656 [1996]; *see also Woolfalk v New York City Hous. Auth.*, 36 AD3d 444, 444 [2007]).

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by also awarding judgment against defendant Eileen Tine, and, as so modified, affirmed.