■ In the Matter of LTI, Inc., Appellant. Commissioner of Labor, Respondent. [869 NYS2d 262]

In a prior decision, the Unemployment Insurance Appeal Board ruled that LTI, Inc. was the employer of certain individuals it retained to administer tests to job candidates and found that it was liable for additional unemployment insurance contributions based on remuneration paid to such individuals. The Board's decision was subsequently affirmed by this Court (*Matter of La Fleur [LTI, Inc.—Commissioner of Labor]*, 27 AD3d 935 [2006], *lv dismissed* 7 NY3d 783 [2006]). The Court of Appeals, however, declined to undertake review because the decision was nonfinal. As a result, further administrative proceedings followed, which resulted in a second decision by the Board ruling that the amount of additional unemployment insurance contributions owed by LTI was $1,122.06. LTI appeals.

Initially, we note that LTI does not contest the Board's calculation of the amount of the additional contributions owed. Rather, it argues that it does not owe any additional contributions because the individuals at issue were not its employees. Inasmuch as this question was squarely decided in *Matter of La Fleur (LTI, Inc.—Commissioner of Labor)* (*supra*), it has res judicata effect and is binding as the law of the case in the instant proceeding (*see Matter of Robinson [New York Times Newspaper Div. of N.Y. Times Co.—Hartnett]*, 168 AD2d 746, 747 [1990], *lv denied* 78 NY2d 853 [1991]). In view of this, and given LTI's concession that it has brought the instant appeal solely for the purpose of obtaining a final order reviewable by the Court of Appeals, we decline to disturb the Board's decision.

Mercure, J.P., Carpinello, Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.