■ GINA REBACK, Respondent, v DAVID REBACK, Appellant. [905 NYS2d 178]—

In a matrimonial action in which the parties were divorced by judgment dated August 30, 2007, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Scarpino, J.), entered April 2, 2009, as granted that branch of the plaintiff's motion which was, in effect, to clarify so much of the judgment of divorce as obligated him to pay two-thirds of the college costs of the parties' children, and denied that branch of his cross motion which was to hold the plaintiff in contempt for improperly disbursing the custodial funds of the parties' children.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the defendant's contention, "[t]he inherent power of a court to correct its own errors extends to a statement or even formal pronouncement made by a court which may create 'apparent ambiguity' but 'which is, plainly, the result of some inadvertence on his [the Judge's] part, and which our reason tells us is a mere mistake' " (*People v Minaya*, 54 NY2d 360, 365 [1981], quoting *Bohlen v Metropolitan El. Ry. Co.*, 121 NY 546, 550 [1890]; *see People v Richardson*, 100 NY2d 847, 851 [2003]; *People v Ballard*, 234 AD2d 981, 982 [1996]; *People v Stoesser*, 92 AD2d 650, 651 [1983]). Accordingly, under the circumstances here, the Supreme Court properly exercised its inherent power to clarify the apparent ambiguity in the judgment of divorce so that it "conform[ed] to the determination intended" (*Schoenberg v Schoenberg*, 269 App Div 864 [1945]; *see Kiker v Nassau County*, 85 NY2d 879, 881 [1995]; *Matter of Owens v Stuart*, 292 AD2d 677, 678-679 [2002]; *Lazaro v Lazaro*, 171 AD2d 778, 778 [1991]; *Gabrelian v Gabrelian*, 108 AD2d 445, 450 [1985]; *Di Prospero v Ford Motor Co.*, 105 AD2d 479, 480 [1984]; *Stormville Mtn. Homes v Zurhorst*, 35 AD2d 562, 562 [1970]; *see also* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 5019).

Moreover, the Supreme Court did not improvidently exercise its discretion in denying that branch of the defendant's cross

motion which was to hold the plaintiff in contempt, as the defendant failed to establish, by clear and convincing evidence, that the plaintiff "violated a lawful order of the court, clearly expressing an unequivocal mandate, of which [she] had knowledge, and that as a result of the violation[,] [the defendant's] right . . . was prejudiced" (*Incorporated Vil. of Plandome Manor v Ioannou*, 54 AD3d 365, 366 [2008]; *see Chambers v Old Stone Hill Rd. Assoc.*, 66 AD3d 944, 946 [2009]; *Vujovic v Vujovic*, 16 AD3d 490, 491 [2005]; *Kutanovski v Kutanovski*, 162 AD2d 662 [1990]).

The defendant's remaining contentions are without merit. Mastro, J.P., Covello, Eng and Belen, JJ., concur.