◼ In the Matter of Henry Glazier, Appellant, v Laura Brightly, Respondent. (Proceeding No. 1.) In the Matter of Henry Glazier, Appellant, v Kelly Russell, Respondent. (Proceeding No. 2.) [917 NYS2d 728]—

Spain, J. Appeals (1) from an amended order of the Family Court of Columbia County (Czajka, J.), entered December 3, 2009, which, in proceeding No. 1 pursuant to Family Ct Act article 6, clarified a prior order of custody, and (2) from an order of said court, entered May 3, 2010, which dismissed petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the father) has a daughter born in 1995 to respondent Kelly Russell and a son born in 1999 to respondent Laura Brightly. In July 2009, the father separately petitioned to modify prior visitation orders entered on consent as to each child. After a combined hearing, Family Court granted a motion by the attorney for the daughter to dismiss the petition as to her for failure to allege a sufficient change in circumstances. The father withdrew his petition at the hearing and the court issued an amended order. The father now appeals from both orders.

The hearing established that the father, age 42, is a convicted sex offender, having pleaded guilty in 1990 (at age 22) to sexual abuse of a 16-year-old girl and again pleaded guilty in 2000 (at age 32) for statutory rape of a 16-year-old girl, for which he served six years in prison. He had reportedly completed parole and sex offender treatment and substance abuse treatment for long-term poly-substance abuse, but an order of protection precluded unsupervised contact with anyone under age 18, although contact with his children was allowed by court order.

The prior order of custody as to the daughter, dated August 2007, awarded Russell sole legal and physical custody. It provided that Russell would enroll the daughter in a mental health program to address whether to allow the father therapeutic visitation, and permitted him to re-petition for such visitation no sooner than 90 days after the date of the order. Two years later, in July 2009, the father filed the instant modification petition seeking therapeutic visits with her, citing only the passage of 90 days as the change in circumstances. At the hearing, the father cited his sobriety, but testified that he had been sober for nine years, i.e., dating back well before the 2007 order; he also reported his successful treatments, which were not documented or dated. He provided no evidence pertaining to the outcome of the daughter's mental health evaluation ordered two years earlier as a precondition to Family Court's consideration of therapeutic visitation. Contrary to his claim, the 90-day period in that prior custody order was a waiting period in which to conduct the daughter's mental health evaluation before therapeutic visitation could be considered, and under no interpretation could that order be viewed as dispensing with the requirement that a change in circumstances be shown warranting a modification (*see* Family Ct Act § 467 [b] [ii]; *Matter of Crippen v Keator*, 9 AD3d 535, 536 [2004]). Although afforded the opportunity, the father failed to even allege a sufficient change in circumstances and, thus, the court properly dismissed that petition (*see Matter of Watts v Watts*, 290 AD2d 822, 823-824 [2002], *lv denied* 97 NY2d 614 [2002]).

The father's modification petition as to his son sought to allow that visits be supervised by a named couple known to the parents or by Brightly. The September 2008 visitation order provided that "[t]herapeutic visits to continue to ensure that visits will be appropriate [and] to allow participants to discuss concerns [and] questions as interactions occur. Recommendation by therapeutic supervisor would be grounds for petitioning the court for modification." Cynthia Bobseine, the psychologist who supervised six visits between the father and son in 2008 and 2009, recommended that the requested supervised visits be permitted; she revealed that the father had disclosed numerous "accidental" contacts* with the son that year in Brightly's presence, which she testified did not affect her recommendation. The father testified that he believed the prior order allowed these nontherapeutic visits under the supervision of Brightly, prompting the court to question why he had petitioned to modify the order to allow that type of visitation if it was already permitted. The court indicated that only therapeutic visitation had been permitted, consistent with the stipulation of the parties when they consented to that order. After conferring with counsel, the father moved to withdraw that petition, and the record reflects that the court thereafter considered it to have been withdrawn. Having withdrawn that petition, the father is not aggrieved by the denial of the relief requested therein (see Matter of Jennie EE., 210 AD2d 744, 745 [1994]).

Family Court subsequently issued a corrected order of visitation, clarifying that the "[f]ather [is] only to have contact with [the son] through therapeutic visits supervised by . . . Bobseine." To the extent that the father now objects to that clarification, "there can be no doubt of a trial court's discretion to cure mistakes, defects and irregularities that do not affect substantial rights of parties (see[ ] CPLR 5019 [a]; Kiker v Nassau County, 85 NY2d 879, 881 [1995]) or to amend a judgment to make it reflect what the court's holding . . . clearly intended" (Matter of Owens v Stuart, 292 AD2d 677, 678 [2002] [internal quotation marks and citations omitted]). The original order clearly contemplated and provided for therapeutic visitation only, subject to a therapist's recommendation to support a future modification, and the court's amended order properly clarified that point to resolve any ambiguity (see Reback v Reback, 73 AD3d 890, 890 [2010]).

Mercure, J.P., Rose, Lahtinen and Garry, JJ., concur. Ordered that the amended order and order are affirmed, without costs.

---

* The issue of these alleged violations of Family Court's prior order was not before the court.