Rose, J.P.
An amended judgment granting plaintiff a divorce on cruel and inhuman treatment grounds was entered in 2009, and we affirmed (82 AD3d 1294 [2011]). While that appeal was pending, however, plaintiff moved to resettle the amended judgment to, among other things, clarify that she was allowed to offset her child support arrears against payments owed to her from defendant’s pension. Supreme Court granted that portion of the motion to resettle and issued a second amended judgment, from which defendant now appeals.
We are unpersuaded by defendant’s contention that Supreme Court did not have the authority to issue the second amended judgment. It is well settled that a trial court may “cure mistakes, defects and irregularities that do not affect substantial rights of [the] parties” (Kiker v Nassau County, 85 NY2d 879, 881 [1995]; see CFLR 5019 [a]; Matter of Glazier v Brightly, 81 AD3d 1197, 1199 [2011]; Follender v Maxim, 44 AD3d 1227, 1228-1229 [2007]). This authority includes “ ‘amending] a judgment to make it reflect what the court’s holding . . . clearly intended’ ” (Matter of Glazier v Brightly, 81 AD3d at 1199, quoting Matter of Owens v Stuart, 292 AD2d 677, 678 [2002]; see Reback v Reback, 73 AD3d 890, 890 [2010]). Here, the original amended judgment provided that the sums owed for the pension payments “may be off-set against” plaintiffs child support arrears, reflecting language in the court’s prior decision *1130 and order. When defendant objected to plaintiffs attempt to claim the offset, Supreme Court issued the second amended judgement to provide that plaintiff “shall be entitled” to the offset, as well. In our view, the second amended judgment appropriately clarified the intent of the court’s original holding (see CPLR 5019 [a]; Matter of Glazier v Brightly, 81 AD3d at 1199; Reback v Reback, 73 AD3d at 890; Battisti v Battisti, 228 AD2d 803, 804 [1996], lv dismissed 89 NY2d 916 [1996]). In doing so, Supreme Court did not affect the amount of child support owed by plaintiff or the amount of defendant’s pension to which plaintiff was entitled and, thus, did not alter any substantial rights of the parties (see Follender v Maxim, 44 AD3d at 1228-1229; Gerenstein v Gerenstein, 188 AD2d 868, 870 [1992]).
Defendant’s additional arguments regarding the alleged invalidity of the original amended judgment were previously raised and rejected as part of his appeal from that judgment (82 AD3d at 1296). Accordingly, our prior determination is the law of the case, precluding review of those issues on this appeal (see Matter of LTI, Inc. [Commissioner of Labor], 57 AD3d 1067, 1068 [2008]; Oakes v Muka, 56 AD3d 1057, 1059 [2008]; Matter of LaBarbera v Town of Woodstock, 55 AD3d 1093, 1094 [2008]).
Spain, Kavanagh, Stein and McCarthy, JJ., concur. Ordered that the second amended judgment is affirmed, without costs.