■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IRAIDA SOLANO, Appellant. [959 NYS2d 189]—Judgments, Supreme Court, New York County (Michael R. Sonberg, J.), rendered on or about February 22, 2010, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted (see Anders v California, 386 US 738 [1967]; People v Saunders, 52 AD2d 833 [1976]). We have reviewed this record and agree with appellant's assigned counsel that there are no non-frivolous points which could be raised on this appeal.

Pursuant to Criminal Procedure Law § 460.20, defendant may apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within 30 days after service of a copy of this order.

Denial of the application for permission to appeal by the judge or justice first applied to is final and no new application may thereafter be made to any other judge or justice. Concur—Tom, J.P., Sweeny, Moskowitz, Manzanet-Daniels and Gische, JJ.

■ PANASIA ESTATE, INC., Plaintiff, v DANIEL R. BROCHE, Respondent, and PROPERTY 51 LLC et al., Appellants. [959 NYS2d 190]—

Appeal from order, Supreme Court, New York County (Joan M. Kenney, J.), entered on or about December 22, 2011, which, inter alia, resettled an order, same court and Justice, entered on or about June 30, 2011, inter alia, declaring void ab initio contracts of sale for the properties at 51 and 53 West 19th Street between defendant Daniel R. Broche, as Ancillary Executor of the Estate of Agnes M. Broche, and defendants Property 51 LLC and Property 215 LLC, unanimously dismissed, without costs, as untimely.

Defendants Property 51 LLC and Property 215 LLC are aggrieved not by the December 22, 2011 order from which they purport to appeal but from the earlier June 30, 2011 order. Contrary to their contention, there is no material difference between the two. Thus, defendants' time to appeal must be measured from the June 30 order (see Kitchen v Port Auth. of N.Y. & N.J., 221 AD2d 195 [1st Dept 1995]). Defendants failed to include the notice of entry and affidavit of service of the June order in the record, but they do not dispute that their deadline to file a notice of appeal was August 29, 2011, which they exceeded by almost five months. Concur—Tom, J.P., Sweeny, Moskowitz, Manzanet-Daniels and Gische, JJ.