# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**56**
**CAF 13-00501**
PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, CARNI, AND VALENTINO, JJ.

---

IN THE MATTER OF CARYN CONSILIO,
PETITIONER-APPELLANT,

V                                    MEMORANDUM AND ORDER

CHRISTOPHER TERRIGINO AND MARY E. DODDS,
RESPONDENTS-RESPONDENTS.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF
COUNSEL), FOR PETITIONER-APPELLANT.

TREVETT CRISTO SALZER & ANDOLINA P.C., ROCHESTER (ERIC M. DOLAN OF
COUNSEL), FOR RESPONDENT-RESPONDENT CHRISTOPHER TERRIGINO.

TANYA J. CONLEY, ATTORNEY FOR THE CHILD, ROCHESTER.

---

Appeal from an order of the Family Court, Monroe County (Thomas
W. Polito, R.), entered January 29, 2013 in a proceeding pursuant to
Family Court Act article 6.  The order granted the motion of
respondent Christopher Terrigino to dismiss the petition seeking to
modify the existing visitation order.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Petitioner mother appeals from an order granting
respondent father's motion to dismiss her petition seeking to modify
the existing visitation order.  The mother is not aggrieved by Family
Court's failure to amend the order to reflect more accurately the
intent of the parties inasmuch as the record indicates that the mother
opposed any such amendment to the order during the underlying
proceedings (*see generally* CPLR 5511; *Parochial Bus Sys. v Board of
Educ. of City of N.Y.*, 60 NY2d 539, 544-545; *Matter of Glazier v
Brightly*, 81 AD3d 1197, 1199).  Contrary to the mother's further
contention, the court properly granted the father's motion to dismiss
the petition without a hearing.  "A hearing is not automatically
required whenever a parent seeks modification of a custody [or
visitation] order" (*Matter of Wurmlinger v Freer*, 256 AD2d 1069, 1069)
and, here, "the mother failed to 'make a sufficient evidentiary
showing of a change in circumstances to require a hearing' " (*Matter
of Warrior v Beatman*, 70 AD3d 1358, 1359, *lv denied* 14 NY3d 711).

Entered:  February 14, 2014                     Frances E. Cafarell
                                                Clerk of the Court