■ Maria Tai et al., Respondents, v Daniel R. Broche et al., Respondents. [982 NYS2d 463]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered January 7, 2013, which granted defendants' motions to dismiss the complaint, unanimously modified, on the law, to deny defendants Daniel R. Broche and the Estate of Agnes M. Broche's motion as to the second, third, fourth, and sixth causes of action as against them, and otherwise affirmed, without costs.

This action arises out of claims asserted in an action in Supreme Court, New York County, entitled Panasia Estate, Inc. v Daniel R. Broche, as Ancillary Executor of the Estate of Agnes M. Broche, in which Panasia Estate, Inc. sought specific performance of a contract (the Panasia contract) for the sale of two buildings owned by the Estate of Agnes M. Broche (the Estate), asserting that Property 51 LLC and Property 215 LLC (together, the Tai companies), tortiously interfered with the Panasia contract. Panasia obtained summary judgment on its claim against the Tai companies for tortious interference. In addition, by order entered June 30, 2011, the court (Kenney, J.) granted Panasia summary judgment on its claim for specific performance, and denied the Tai companies' cross motion for leave to

amend their answer to include claims against the Estate for, inter alia, breach of contract and indemnification, without prejudice to the commencement of an action on the proposed cross claims. In granting Panasia specific performance, the court found that the Tai companies were not bona fide purchasers and, thus, that their contracts should be vacated as void ab initio. That this determination did not preclude the Tai companies from commencing a separate action against Broche reflects the court's intent that the contracts be voided only as they related to Panasia's claims, so that specific performance could be had. This Court's dismissal of the appeal from a subsequent order as an untimely appeal of the June 2011 order (*Panasia Estate, Inc. v Broche*, 103 AD3d 426 [1st Dept 2013]) does not change this fact.

Since the validity of the contracts as between the Tai companies and the Estate has not yet been decided, or litigated, plaintiffs are not barred by the doctrine of collateral estoppel from pursuing their contract claims (*see e.g. D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664 [1990]). Accordingly, the claim for breach of the implied covenant of good faith and fair dealing (third cause of action), which the motion court dismissed on the sole ground of collateral estoppel, should not be dismissed. However, in their appeal from the dismissal of their claim arising from paragraph 70 (c) of the parties' second amendment (ninth cause of action), plaintiffs fail to address the court's finding that the contract did not provide them with a unilateral right to the election sought therein. Nor do they address the finding that their claims arising from paragraphs 69 and 70 (a) (eighth and fifth causes of action, respectively) were premature. Accordingly, we do not reach the issue whether these claims were correctly dismissed.

The doctrine of unclean hands is not an applicable defense to plaintiffs' equitable claims since the Broche defendants were "willing wrongdoers" (*Manshion Joho Ctr. Co., Ltd. v Manshion Joho Ctr., Inc.*, 24 AD3d 189, 190 [1st Dept 2005]). Their conduct enabled plaintiffs to tortiously interfere with the Panasia contract (*see 390 W. End Assoc. v Baron*, 274 AD2d 330 [1st Dept 2000]), which was wrongful conduct directed at a third party (*see Brown v Lockwood*, 76 AD2d 721, 728-729 [2d Dept 1980]). Thus, the claims for restitution (second cause of action), unjust enrichment (fourth cause of action), and money had and received (sixth cause of action) should not be dismissed. The constructive trust claim (fourteenth cause of action) was correctly dismissed because plaintiffs failed to plead a confidential or fiduciary relationship (*see Sharp v Kosmalski*, 40 NY2d 119, 121 [1976]).

The complaint was correctly dismissed as against Andrew Weltchek, the Broche defendants' attorney in the *Panasia* action and on the contracts. Plaintiffs' awareness of the pendency of that action, the filing of a notice of pendency, and Panasia's rejection of the Estate's attempt to terminate the Panasia contract defeats the justifiable reliance element of their fraud claims (*see Buechner v Avery*, 38 AD3d 443 [1st Dept 2007] [fraud]; *Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [1996] [fraudulent misrepresentation]; *Swersky v Dreyer & Traub*, 219 AD2d 321, 326 [1st Dept 1996] [fraudulent concealment]; *Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 180 [2011] [negligent misrepresentation]).

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Mazzarelli, Renwick, Feinman and Gische, JJ.