Matter of Twin Bay Vil., Inc. (2018 NY Slip Op 04405)





Matter of Twin Bay Vil., Inc.


2018 NY Slip Op 04405


Decided on June 14, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 14, 2018

524529

[*1]In the Matter of the Dissolution of TWIN BAY VILLAGE, INC. VLADIMIR CHOMIAK et al., Petitioners; TATIANA CHOMIAK KASIAN, Also Known as TANYA CHOMIAK KASIAN, et al., Appellants. DENNIS J. TARANTINO, as Receiver of TWIN BAY VILLAGE, INC., Respondent.

Calendar Date: May 3, 2018

Before: McCarthy, J.P., Devine, Clark, Aarons and Pritzker, JJ.


Tatiana Chomiak Kasian, Philadelphia, Pennsylvania, appellant pro se.
Tamara L. Chomiak, Bolton Landing, appellant pro se.
Larissa Chomiak, Philadelphia, Pennsylvania, appellant pro se.
Tabner, Ryan & Keniry, LLP, Albany (Brian M. Quinn of counsel), for respondent.


Pritzker, J.

MEMORANDUM AND ORDER
Appeals (1) from a supplemental order of the Supreme Court (Muller, J.), entered May 25, 2016 in Warren County, which, in a proceeding pursuant to Business Corporation Law article 11, granted the receiver's motion to resettle a previous order, (2) from an order of said court (Auffredou, J.), entered July 15, 2016 in Warren County, which granted the receiver's motion for permission to enter into a note and mortgage, and (3) from an order of said court (Auffredou, J.), entered October 20, 2016 in Warren County, which granted the receiver's motion to ratify and confirm a contract of sale and addendum.
The underlying facts of this case are detailed in our previous decision that affirmed a March 2016 order of Supreme Court (Muller, J.) directing the judicial dissolution of Twin Bay Village, Inc. (153 AD3d 998 [2017], lv denied 31 NY3d 902 [2018]), a closely-held corporation. After ordering judicial dissolution of the corporation, Supreme Court issued an order and supplemental order appointing Dennis J. Tarantino (hereinafter the receiver) as permanent receiver thereof and directing him to, among other things, liquidate the corporation's assets. After this appointment, the receiver moved to resettle a portion of the March 2016 order so as to provide additional detail regarding a certain mortgage that was nullified thereby. In May 2016, the court issued a supplemental order making the requested correction to the March 2016 order. Thereafter, the receiver sought permission from Supreme Court (Auffredou, J.) to enter into a $125,000 loan agreement, to be secured by a mortgage against the corporation's real property, in order to pay for, among other things, the corporation's outstanding taxes and operating expenses, which respondents opposed. In July 2016, after conferencing with the parties, the court authorized the receiver to enter into the note and mortgage. Lastly, the receiver moved to ratify and confirm a contract of sale and addendum to convey the corporation's real property, which respondents opposed. In October 2016, after extensive conferencing regarding the proposed contract, the court ratified and confirmed said contract. Respondents appeal from the May 2016, July 2016 and October 2016 orders.
Initially, we find respondents' appeal from the May 2016 supplemental order to be untimely. In conjunction with their original application to judicially dissolve the corporation, petitioners requested that Supreme Court (Muller, J.) nullify a $14,000 mortgage between respondent Tamara Chomiak and the corporation. In its March 2016 order, the court declared the purported mortgage null and void; however, after appointment by the receiver, it was determined that the Clerk's office needed more specific language describing the subject mortgage in order to nullify it. Accordingly, the court issued the May 2016 supplemental order to modify its March 2016 order, specifying the recording date and book number of the subject mortgage [FN1]. As there is no material change in the supplemental order, the notice of appeal — to be timely — must have been filed within 30 days from March 23, 2016, which is the date of service of a copy of the March 2016 order with notice of entry (see CPLR 5513 [a]). Accordingly, as respondents' July 2016 notice of appeal was not timely filed, respondents' appeal from the May 2016 supplemental order is dismissed (see Panasia Estate, Inc. v Broche, 103 AD3d 426, 426 [2013]; Kitchen v Port Auth. of N.Y. & N.J., 221 AD2d 195, 195-196 [1995]).
We next turn to respondents' contentions regarding the July 2016 order, by which Supreme Court (Auffredou, J.) authorized the receiver to enter into a note and mortgage for $125,000 in order to pay, among other things, the corporation's outstanding taxes and operating expenses. First, we find no merit to respondents' interpretation of Supreme Court's (Muller, J.) prior determinations as constituting law of the case to prohibit any and all mortgages against the corporation. Respondents cite specifically to the nullification of the aforementioned $14,000 mortgage and a denial of respondents' application to permit Chomiak to lend the corporation $27,000 to pay back taxes and secure such loan by a mortgage on the corporation's real property. We fail to see how either of these determinations constitutes a holding that mortgages against the corporation's real property would generally not be permitted (see generally People v Evans, 94 NY2d 499, 502-504 [2000]; Karol v Polsinello, 127 AD3d 1401, 1402-1403 [2015]).
Next, we disagree with respondents that the receiver should have operated the resort to generate the funds needed to pay the subject expenses. A review of the record demonstrates that the receiver diligently researched the corporation's options and reasonably determined that operation of the resort would likely be insufficient to cover the corporation's ever-accruing debts and, thus, was not in the corporation's best interest. With respect to respondents' related contention that the receiver breached his fiduciary duty by not consulting them prior to deciding not to operate the resort, the Court of Appeals has held, in the context of the Business Corporation Law, that "[a] receivership is a creature of the court, subject to the control of the court at all times and functions in the place of and as the instrumentality of the court itself," and, "[a]s a special officer of the court with fiduciary responsibilities, the receiver acts solely on the court's behalf and is otherwise a stranger to the parties and their dispute" (Matter of Kane [Freedman-Tenenbaum], 75 NY2d 511, 515 [1990] [internal quotation marks and citations omitted]). Therefore, we find that the receiver owed respondents no duty to consult them prior to making a business decision well within his express authority.
We now turn to respondents' arguments with respect to the October 2016 order. First, we are unpersuaded by respondents' argument that Supreme Court (Auffredou, J.) erred in ratifying the contract of sale and addendum thereto inasmuch as it was not the highest sale price that could have been secured. In addition to the authority conferred to a permanent receiver by statute (see Business Corporation Law § 1206 [a], [b] [2]; see also Business Corporation Law § 1113), here, the receiver was expressly authorized and directed to, "as speedily and prudently as possible, liquidate the [corporation's] assets." In September 2016, the receiver moved by order to show cause for an order ratifying a contract of sale and addendum thereto to convey the corporation's real property and business assets to BSI Realty Co., LLC, by and through Keith Scott, the president and managing member thereof, for $2.8 million. Petitioners agreed that accepting BSI's offer was in the best interest of the corporation; however, respondents opposed because they wished to retain the smallest of the corporation's three parcels for themselves. Respondents had, in fact, submitted a written offer to the receiver offering $500,000 for the parcel, contingent upon the sale of the remaining two parcels so as to fund their purchase.
Respondents make many allegations regarding this offer, namely, that the receiver verbally agreed to the offer in the presence of witnesses and that Scott was aware of respondents' intent to purchase the parcel and expressed that he would be amenable to purchasing the remaining parcels for the same $2.8 million. The receiver repeatedly denied that any oral agreement existed and provided a letter from Scott's attorney to Supreme Court that indicated that Scott never intended to purchase anything less than the entirety of the corporation's real property as it was listed. Based on the foregoing, it cannot be said Supreme Court abused its discretion in ratifying and confirming a contract for the sale of the corporation's real property, made by a prequalified buyer, constituting the best offer made, after failed attempts at leasing the resort and in light of the constant accrual of tax liabilities and operating expenses. As the court explained to respondents, little if any weight can be afforded to their representations of what others have said, and respondents have failed to offer any affidavits by the alleged witnesses to the oral agreement to substantiate their claims. Also, we do not find sufficient evidence to support respondents' contention that the court abused its discretion in ratifying and confirming the subject contract without excluding the agreed-upon brokerage fees. Similarly, respondents fail to provide any record proof regarding their contention that Chomiak is entitled to a five percent handler's fee. We have reviewed respondents' remaining claims and find them to be without merit.
McCarthy, J.P., Devine, Clark and Aarons, JJ., concur.
ORDERED that the appeal from the supplemental order entered May 25, 2016 is dismissed, without costs.
ORDERED that the orders entered July 15, 2016 and October 20, 2016 are affirmed, without costs.



Footnotes

Footnote 1: Despite being labeled a supplemental order, the May 2016 order is an order granting resettlement inasmuch as it merely clarifies or corrects an omission in the March 2016 order (see CPLR 5019 [a]; Bennett v Bennett, 99 AD3d 1129, 1129-1130 [2012]).