SFT Realty LLC v Banner Realty Co., LLC (2019 NY Slip Op 01497)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

SFT Realty LLC v Banner Realty Co., LLC

2019 NY Slip Op 01497

Decided on February 28, 2019

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 28, 2019
Friedman, J.P., Kapnick, Webber, Oing, Singh, JJ.


8552 8551 24185/15E

[*1]SFT Realty LLC, Plaintiff-Respondent,
vBanner Realty Company, LLC, et al., Defendants-Appellants.

Samuel E. Kramer, New York, for appellants.
SLG PC, New York (David Spiegelman of counsel), for respondent.

Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered February 2, 2017, which granted plaintiff's motion for summary judgment on its cause of action for specific performance of a contract to purchase real estate, and order, same court and Justice, entered February 5, 2018, which, upon renewal, adhered to the original determination, unanimously reversed, on the law, without costs, and plaintiff's motion denied.
Defendants may raise a legal challenge to plaintiff's prima facie showing on the issue of its ability to close on the sale for the first time on appeal (Bank of Am., N.A. v Thomas, 138 AD3d 523 [1st Dept 2016]).
Plaintiff concedes that it had to finance the purchase of the property. However, it did not support its motion with a mortgage commitment (cf. Piga v Rubin, 300 AD2d 68, 69 [1st Dept 2002], lv dismissed in part, denied in part 99 NY2d 646 [2003]).
While defendants argue the point only in passing, we note that the motion court correctly found that defendants were under no duress to agree to sell to plaintiff, given that plaintiff made no threat to take unlawful action (see Chase Manhattan Bank v State of New York, 13 AD3d 873, 874 [3d Dept 2004]).
Nor was plaintiff guilty of unclean hands, even assuming that it structured the contract for tax avoidance purposes, because defendants were "willing wrongdoers" (see Tai v Broche, 115 AD3d 577, 578 [1st Dept 2014] [internal quotation marks omitted]).
Defendants failed to raise an issue of fact whether the checks for the deposit were for some purpose other than the deposit. The checks both reference the deposit on the property, albeit each by a different address (the lot is known by two different addresses).
The court correctly found that defendants could not defeat plaintiff's right to specific performance by willingly encumbering the property after the contract was executed (see Goldstein v Held, 63 AD3d 881, 882 [2d Dept 2009]).
We leave it to the motion court's discretion to decide what if any further discovery should be permitted.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 28, 2019
CLERK