DHE Homes, Ltd. v Jamnik (2019 NY Slip Op 03950)





DHE Homes, Ltd. v Jamnik


2019 NY Slip Op 03950


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2016-11586
2017-00498
 (Index No. 8542/07)

[*1]DHE Homes, Ltd., respondent,
v
Alan Jamnik, et al., appellants, et al., defendants.


Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY (Brian J. Isaac and Kenneth J. Gorman of counsel), for appellants.
Kaufman Dolowich & Voluck, LLP, Woodbury, NY (Andrew L. Richards and Greg B. Lichtenstein of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to foreclose a mechanic's lien, the defendants Alan Jamnik and Rochelle Jamnik appeal from (1) an order of the Supreme Court, Nassau County (Arthur M. Diamond, J.), entered August 30, 2016, and (2) a second amended judgment of the same court entered October 12, 2016. The order, insofar as appealed from, in effect, granted the plaintiff's cross motion for leave to reargue its prior motion to correct an amended judgment of the same court entered March 17, 2016, which had been denied in an order of the same court dated May 12, 2016, and, upon reargument, in effect, vacated that portion of the order dated May 12, 2016, and thereupon granted the plaintiff's prior motion and directed that the amended judgment be corrected by adding thereto a provision awarding the plaintiff prejudgment interest in the amount of $14,341.75. The second amended judgment, insofar as appealed from, upon the order, awarded the plaintiff prejudgment interest in the amount of $14,341.75.
ORDERED that the appeal from the order entered August 30, 2016, is dismissed; and it is further,
ORDERED that the second amended judgment is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the second amended judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the second amended judgment (see CPLR 5501[a][1]).
The defendant Alan Jamnik entered into a construction contract with the plaintiff for the demolition of an existing house on certain real property and the construction of a new house on that property. After disputes arose regarding the project, the plaintiff filed a notice of mechanic's lien and commenced this action to foreclose the lien against, among others, the defendants Alan Jamnik and Rochelle Jamnik (hereinafter together the defendants). In an order entered December [*2]20, 2011, after a nonjury trial, the Supreme Court, inter alia, awarded the plaintiff a money judgment against the defendants in the amount of $75,400, with interest at an annual rate of 3% from the date of the breach, which was determined to be November 12, 2004. Thereafter, in a judgment of foreclosure and sale entered September 25, 2012, the court awarded the plaintiff the principal sum of $75,400 on the mechanic's lien, with interest thereon at an annual rate of 3%. The defendants appealed from the judgment of foreclosure and sale, and in a decision and order dated October 8, 2014, this Court modified the judgment by reducing the principal sum awarded to the plaintiff on the mechanic's lien from $75,400 to $40,504 (see DHE Homes, Ltd. v Jamnik, 121 AD3d 744, 744).
On March 17, 2016, the Supreme Court entered an amended judgment in favor of the plaintiff and against the defendants in the principal sum of $40,504. By order entered May 12, 2016, the court denied the plaintiff's motion pursuant to CPLR 5019(a) to correct the amended judgment, inter alia, to reflect the previous award of prejudgment interest. In an order entered August 30, 2016, the court, in effect, granted the plaintiff's cross motion for leave to reargue its prior motion to correct the amended judgment and, upon reargument, in effect, vacated that portion of the order dated May 12, 2016, and thereupon granted the plaintiff's prior motion and directed that the amended judgment be corrected to include prejudgment interest at an annual rate of 3% from the date of the breach of November 12, 2004. The court then entered a second amended judgment which included the award of prejudgment interest. The defendants appeal.
A judgment must conform strictly to the decision upon which it is based, and when there is an inconsistency between a judgment and such decision, the decision controls (see Berry v Williams, 87 AD3d 958, 961; Curry v Curry, 14 AD3d 646, 647). CPLR 5019(a) provides that "[a] judgment or order shall not be stayed, impaired or affected by any mistake, defect or irregularity in the papers or procedures in the action not affecting a substantial right of a party. A trial or an appellate court may require the mistake, defect or irregularity to be cured." Thus, "trial and appellate courts have the discretion to cure mistakes, defects and irregularities that do not affect substantial rights of parties" (Kiker v Nassau County, 85 NY2d 879, 881; see Mount Sinai Hosp. v Country Wide Ins. Co., 81 AD3d 700, 701; Rotunno v Gruhill Constr. Corp., 29 AD3d 772, 773).
Contrary to the defendants' contention, the omission of a provision for prejudgment interest in the amended judgment entered March 17, 2016, was, in fact, a mistake subject to correction pursuant to CPLR 5019(a). Although the rate of interest to be applied to a verdict may constitute a substantive right of a party, here, no substantive right of the parties was affected by the provision in the second amended judgment setting forth the rate of interest (see Kiker v Nassau County, 85 NY2d at 881). Rather, the second amended judgment appropriately clarified the intent of the Supreme Court's original holding and this Court's subsequent determination on the defendants' prior appeal (see Bennett v Bennett, 99 AD3d 1129, 1130; Reback v Reback, 73 AD3d 890, 890; see also CPLR 5001[a]; Salerno Painting & Coating Corp. v National Neurolabs, Inc., 43 AD3d 1140, 1141).
Accordingly, the Supreme Court providently exercised its discretion by, in effect, granting leave to reargue the plaintiff's prior motion to correct the amended judgment and, upon reargument, inter alia, granting the plaintiff's prior motion and correcting the amended judgment to reflect an award to the plaintiff of prejudgment interest at an annual rate of 3% from the date of the breach of November 12, 2004.
RIVERA, J.P., COHEN, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court