■ BATTERY BUILDING MAINTENANCE COMPANY, Appellant, v 888 SEVENTH AVENUE ASSOCIATES, Respondent.—Order Supreme Court, New York County (William J. Davis, J.), entered July 13, 1989, to the extent it (1) granted defendant's motion for leave to amend its answer to assert additional counterclaims, and (2) denied plaintiff's cross motion to strike tenants' moneys as a recoverable element of damages on defendant's counterclaims, unanimously affirmed, with costs.

Plaintiff brought this action for breach of a building mainte-

nance contract between plaintiff and defendant's predecessor which contract was assigned to defendant. At the conclusion of discovery, defendant learned of a letter agreement between plaintiff and the predecessor which it alleged was included in the assignment and pursuant to which plaintiff is required to pay the predecessor and therefore defendant revenues received from building tenants receiving personal maintenance services. Defendant sought leave to amend its answer and counterclaims accordingly and to compel further discovery. Plaintiff opposed, arguing that the letter agreement was a separate contract having no bearing on its relationship with defendant and that defendant's motion papers were insufficient because they contained only an attorney's affirmation and not an affidavit from someone with knowledge of the facts.

Contrary to plaintiff's assertions, the affirmation of an attorney with personal knowledge of all phases of the litigation is sufficient to support the motion herein since the existence of the letter agreement only became known to the defendant as a result of and during the litigation (*Beberman v Halbrecht,* 105 AD2d 876). Further, leave to amend pleadings is freely given absent prejudice or surprise resulting directly from the delay (CPLR 3025 [b]; *McCaskey, Davies & Assocs. v New York City Health & Hosps. Corp.,* 59 NY2d 755, 757). The legal sufficiency or merits thereof will not be examined unless the insufficiency or lack of merit is clear and free from doubt (*Sentry Ins. Co. v Kero-Sun, Inc.,* 122 AD2d 204, 205). Finally, the court properly denied the cross motion that tenant moneys be stricken as an element of damages in light of the grant of the motion to allow the amendment of the counterclaims. Concur—Murphy, P. J., Sullivan, Carro and Rosenberger, JJ.