■ A. COLISH, INC., et al., Appellants, v STEVEN J. ABRAMSON et al., Respondents.—Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered October 19, 1990, which granted defendants' motion for leave to amend their answer and counterclaims, unanimously affirmed, without costs.

Plaintiffs sue defendant Steven Abramson, a former president of plaintiff A. Colish, Inc., for breach of fiduciary duty arising from, among other things, his purchase of printing equipment that he subsequently leased to the plaintiff corporation for his personal profit. When the plaintiff corporation refused to make further payments to defendant Abramson, Abramson defaulted in the underlying loan obligations, whereupon U.S. Concord, Inc., which had financed the purchase, commenced an action against both Abramson and the plaintiff corporation.

The prior action commenced by U.S. Concord was settled by stipulation, which provided that all claims between U.S. Concord and defendants Abramson and A. Colish, Inc. were discontinued with prejudice. The stipulation further provided that any claims existing between Abramson and A. Colish, Inc. were discontinued without prejudice.

Plaintiffs now argue that the stipulation of discontinuance is res judicata as to Abramson's proposed third and fourth counterclaims. The doctrine of res judicata is inapplicable here, as the discontinuance of the prior action was made specifically without prejudice to the claims existing between Abramson and A. Colish, Inc.; in fact, an express reservation of rights was included in the stipulation of discontinuance. *(See generally, City of New York v Caristo Constr. Corp.,* 62 NY2d 819.) Leave to assert the affirmative defenses of ratification and estoppel was properly granted where plaintiffs alleged no prejudice and where the element of these defenses

can be inferred from the pleadings *(see generally,* 3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3013.03; *Rich v Lefkovits,* 56 NY2d 276). Specifically, defendants' proposed answer and supporting affidavit clearly allege that the leases were entered into with plaintiffs' consent and knowledge and further that payments were made on the three equipment leases for several years without objection from plaintiffs. On this record, the affirmative defenses asserted are not so patently insufficient as to warrant an examination of their merits *(see, Battery Bldg. Maintenance Co. v 888 Seventh Ave. Assocs.,* 157 AD2d 556). Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Smith, JJ.