■ MICHAEL R. ZOTOS, Appellant, v RICHARD DAVGIN et al., Respondents, et al., Defendants. [697 NYS2d 69] —In an action pursuant to RPAPL article 15 to quiet title to real property, the plaintiff appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Jones, J.), dated August 21, 1998, as granted the respective motions of the defendants Richard Davgin, Terri Davgin, Julio Portalatin, Rosemary Portalatin, Florence Kramer, Eugene Kramer, Ridgewood Savings Bank, and Roosevelt Savings Bank (hereinafter collectively the Davgin defendants) and the defendants William Miner, Joyce Miner, and Boatman's National Mortgage Company (hereinafter collectively the Miner defendants) for summary judgment dismissing the complaint insofar as asserted against them and failed to search the record and grant summary judgment in his favor, (2) from a judgment of the same court, entered December 22, 1998, which is in favor of the Davgin defendants dismissing the complaint insofar as asserted against them, and (3) from a judgment of the same court, entered February 22, 1999, which is in favor of the Miner defendants dismissing the complaint insofar as asserted against them.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgments are reversed, on the law, the order dated August 21, 1998, is vacated, and the defendants' re-

spective motions for summary judgment are denied; and it is further,

Ordered that the plaintiff is awarded one bill of costs payable by the respondents appearing separately and filing separate briefs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgments in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review on the appeals from the judgments (*see,* CPLR 5501 [a] [1]).

In this action, the plaintiff sought a declaration that he owns a one-half fee simple interest in the defendants' respective properties free of any mortgage liens. The Supreme Court granted the respondents' respective motions for summary judgment finding that the deed from which the plaintiff's purported title derived was defective in that it did not effectively describe and identify the subject properties.

Contrary to the respondents' contention, although the deed to the plaintiff merely recited the conveyance in general terms, it was legally sufficient to effect a valid conveyance of the respective properties since the particular properties could be ascertained by resorting to extrinsic evidence recorded with the Suffolk County Clerk (*Coleman v Manhattan Beach Improvement Co.,* 94 NY 229; *Town of Brookhaven v Dinos,* 76 AD2d 555, *affd* 54 NY2d 911; *People ex rel. Staples v Sohmer,* 150 App Div 8, *affd* 206 NY 39).

The plaintiff is not entitled to summary judgment and there must be a trial upon the respondents' counterclaims and affirmative defenses.

Contrary to the respondents' contention, Real Property Law § 291-e does not serve to invalidate the deeds in the plaintiff's chain of title (*see, Stroh & Sons v Batavia Homes & Dev. Corp.,* 17 AD2d 385, 386-387). Joy, J. P., Friedmann, Schmidt and Smith, JJ., concur.