■ In the Matter of MICHAEL V. BLUMENTHAL et al., as Coexecutors of ROBERT K. MARCECA, Deceased, Appellants, v DANIEL KINGSFORD, Respondent. [788 NYS2d 354]—

Order, Surrogate's Court, New York County (Eve Preminger, S.), entered on or about February 11, 2004, which, in a proceeding by estate executors against their former coexecutor for misappropriation of estate assets, denied petitioners' motion to amend the petition so as to join respondent's wife and three entities controlled by respondent and/or his wife, unanimously affirmed, without costs or disbursements.

While the better procedure would have been to allow joinder of the proposed respondents, if jurisdiction over them could be had, since, absent prejudice or surprise, leave to amend pleadings should be freely given (*Battery Bldg. Maintenance Co. v 888 Seventh Ave. Assoc.*, 157 AD2d 556 [1990]; CPLR 3025 [b]), the record shows that before commencing the proceeding, petitioners were aware of the proposed respondents' receipt of allegedly misappropriated funds, yet they inexplicably waited some nine months after learning of the identity of the proposed respondents before attempting to join them. In the order on appeal, the Surrogate directed the immediate filing of a note of issue and the completion of disclosure in three weeks; the trial of this matter was thereafter completed in early May of 2004. Thus, the relief sought on appeal, if granted, would result in the possible invalidation of the trial court's findings and a return to further pretrial discovery, an inefficient use of judicial resources. It should be noted that petitioners never sought to stay the trial pending the outcome of this appeal. Finally, it appears that New York lacks jurisdiction over two of the four proposed respondents. Concur—Tom, J.P., Andrias, Sullivan, Williams and Gonzalez, JJ.