State of New York
Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered: October 27, 2016        522056
_____

DANIEL L. STILES,
                    Respondent,
        v                                   MEMORANDUM AND ORDER

BRUCE E. GRAVES et al.,
                    Appellants.
_____


Calendar Date:   September 9, 2016

Before:   McCarthy, J.P., Egan Jr., Devine, Clark and Aarons, JJ.

                    _____


        Bartlett, Pontiff, Stewart & Rhodes, PC, Glens Falls (Mark
E. Cerasano of counsel), for appellants.

        FitzGerald Morris Baker Firth, PC, Glens Falls (John D.
Aspland Jr. of counsel), for respondent.

                    _____


McCarthy, J.P.

        Appeal from an order of the Supreme Court (Krogmann, J.),
entered February 2, 2015 in Washington County, which, among other
things, after a nonjury trial, dismissed the complaint without
prejudice.

        In November 2002, plaintiff commenced this action pursuant
to RPAPL 871 seeking the removal of a barrier installed by
defendants that plaintiff alleged impeded the use of a
right-of-way to which he had an easement.  Approximately seven
years later, in November 2009, a nonjury trial was held.  More
than five years after the close of proof in the trial, in early
2015, Supreme Court issued an order.  Among other things, the
court specifically found that plaintiff failed to prove a fact
essential to his claim for relief pursuant to RPAPL 871, i.e.,

the location of the right-of-way, without which the court could not assess whether defendants' barrier interfered with any of plaintiff's property rights. Despite finding that plaintiff had, after a full trial, failed to prove his claim, the court specified that the dismissal of the complaint was "without prejudice." Defendants appeal.

Defendants contend that, given that plaintiff was provided with a full and fair opportunity to prove his claim by way of a complete trial, Supreme Court's dismissal ought to have been on the merits, with prejudice. We agree. The governing rational underlying principles of finality in this state is that "a party who has been given a full and fair opportunity to litigate a claim should not be allowed to do so again" (Matter of Hunter, 4 NY3d 260, 269 [2005]; see Gramatan Home Invs. Corp. v Lopez 46 NY2d 481, 485 [1979]). "Considerations of judicial economy as well as fairness to the parties mandate, at some point, an end to litigation" (Matter of Reilly v Reid, 45 NY2d 24, 28 [1978] [emphasis added]; accord Matter of Hunter, 4 NY3d at 269). A court denies parties such finality, however, when it dismisses an action without prejudice; such a determination permits a plaintiff to relitigate an identical claim to that which has been dismissed (see City of New York v Caristo Constr. Corp., 62 NY2d 819, 820-821 [1984]; Matter of Coleman v Coleman, 1 AD3d 833, 834 [2003]; A. Colish, Inc. v Abramson, 178 AD2d 252, 252 [1991]).

The question before this Court is whether Supreme Court's determination ought to have provided finality as to plaintiff's RPAPL 871 claim. Having been afforded with a full trial,[1] plaintiff received all of the conceivable process available to a party who bears the burden of proving a legal claim.[2] After both

_____

[1] Contrary to plaintiff's contention, a court's determination upon the completion of trial cannot be likened to its determination of a defendant's motion to dismiss a complaint made midtrial (compare CPLR 5013).

[2] Plaintiff does not allege that any legal errors occurred during the trial that deprived him of any process to which he was entitled.

parties presented their cases at trial, the court considered the evidence that was presented and substantively determined that plaintiff failed to establish his claim.[3] Accordingly, there is nothing in this record suggesting that plaintiff was provided with anything less than "a full and fair opportunity to litigate [his] claim" (Matter of Hunter, 4 NY3d at 269). Moreover, we recognize that both defendants and the public have a legitimate and compelling interest in preventing the redundancy of litigation that took more than 12 years to reach a trial court determination. Given plaintiff's full and fair opportunity to litigate his claim and this state's strong public policy that a final determination result after the provision of such judicial process, we reverse so much of the order as specified that the dismissal was without prejudice. This determination renders defendants' remaining arguments academic.

Egan Jr., Devine, Clark and Aarons, JJ., concur.

ORDERED that the order is modified, on the law, with costs to defendants, by reversing so much thereof as dismissed the complaint without prejudice; complaint dismissed with prejudice; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court

---

[3] Plaintiff did not opt to challenge that determination by way of an appeal.