# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

77

CAF 15-01210

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

IN THE MATTER OF SANDRA L. COUGHLIN,
PETITIONER-APPELLANT,

V                                                MEMORANDUM AND ORDER

KELLY J. COUGHLIN, RESPONDENT-RESPONDENT.
(APPEAL NO. 1.)

---

HOPPE & ASSOCIATES, INC., BUFFALO (BERNADETTE M. HOPPE OF COUNSEL),
FOR PETITIONER-APPELLANT.

DEBORAH J. SCINTA, ORCHARD PARK, FOR RESPONDENT-RESPONDENT.

DAVID E. BLACKLEY, ATTORNEY FOR THE CHILD, LOCKPORT.

---------------------------------------------------------------------------------------------

Appeal from an order of the Family Court, Erie County (Lisa Bloch Rodwin, J.), entered July 2, 2015 in a proceeding pursuant to Family Court Act article 6. The order dismissed the petition alleging a violation of an unspecified order with prejudice.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by providing that the petition is dismissed without prejudice, and as modified the order is affirmed without costs.

Memorandum: Petitioner mother appeals from three orders of Family Court that, respectively, dismissed a petition seeking modification of the custody provisions in the judgment of divorce (appeal No. 2), dismissed a petition alleging a violation of an unspecified order (appeal No. 1), and dismissed a petition alleging a violation of an order that is not contained in the record on appeal (appeal No. 3). As limited by her brief, the mother contends that Family Court erred in dismissing each of those petitions with prejudice. We agree.

Respondent father correctly concedes that the orders in appeal Nos. 1 and 3 conflict with Family Court's decision, which expressly provides that the violation petitions were dismissed without prejudice. Because the decision controls where, as here, it conflicts with the order, we modify the orders in appeal Nos. 1 and 3 to conform to the decision (*see Matter of Esposito v Magill*, 140 AD3d 1772, 1773, *lv denied* 28 NY3d 904).

With respect to appeal No. 2, the court determined that the

petition was facially insufficient to allege a change of circumstances warranting a change of custody. Thus, because petitioner has not had a full and fair opportunity to litigate her allegations that the custody provisions in the judgment of divorce should be modified, the court erred in dismissing the petition with prejudice (*cf. Stiles v Graves*, 143 AD3d 1215, 1216-1217; *see generally Landau, P.C. v LaRossa, Mitchell & Ross*, 11 NY3d 8, 13). We therefore modify the order in appeal No. 2 accordingly.

Entered:  February 10, 2017                    Frances E. Cafarell
                                               Clerk of the Court