Champlain Gas & Oil, LLC v People of the State of New York (2020 NY Slip Op 03837)





Champlain Gas & Oil, LLC v People of the State of New York


2020 NY Slip Op 03837


Decided on July 9, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 9, 2020

529569

[*1]Champlain Gas & Oil, LLC, et al., Appellants,
v
The People of the State of New York, Acting by and Through the Commissioner of Environmental Conservation, Defendant, and Lyme Adirondack Timberlands I, LLC, Respondent.

Calendar Date: June 11, 2020

Before: Egan Jr., J.P., Lynch, Devine, Pritzker and Reynolds Fitzgerald, JJ.


Girvin & Ferlazzo, PC, Albany (Bonnie R. Watson of counsel), for appellants.
DLA Piper LLP (US), Albany (Jeffrey D. Kuhn of counsel), for Lyme Adirondack Timberlands I, LLC, respondent.



Devine, J.
Appeal from an order of the Supreme Court (Ellis, J.), entered March 11, 2019 in Clinton County, which, among other things, granted a motion by defendant Lyme Adirondack Timberlands I, LLC to preclude certain evidence.
As set forth in our prior decision (148 AD3d 1260 [2017]), plaintiffs commenced this action to adjudicate the claim that they hold mineral estates on lands of defendant Lyme Adirondack Timberlands I, LLC (hereinafter Lyme) that are superior to a conservation easement, burdening a portion of the lands, held by defendant People of the State of New York, acting by and through the Commissioner of Environmental Conservation. Plaintiffs moved for summary judgment in 2014 and, while that motion was pending, withdrew their request for a determination as to the parties' "respective rights [over property owned by Lyme in] [g]reat [l]ots 13, 30, 31, 40, 55, 56, [and] 58" and asked Supreme Court to strike the portions of the complaint relating to those lots. Supreme Court thereafter issued an order in June 2015 which it, among other things, struck portions of the complaint as requested, denied the related portions of plaintiffs' motion for summary judgment and granted the remainder. Lyme's appeal resulted in this Court agreeing with Supreme Court that plaintiffs possessed mineral rights, but that summary judgment was inappropriate given plaintiffs' failure to specify the "location and boundaries" of those rights (id. at 1263).
Upon remittal, further discovery was conducted on the location of the mineral rights, with plaintiffs submitting modified survey maps and testimony from a surveyor. Lyme moved to preclude that evidence and, arguing that plaintiffs would be unable to establish the extent of their mineral rights without it, for summary judgment dismissing the complaint. Plaintiffs withdrew their contentions with regard to mineral rights in great lots 22, 23, 32, 47, 57 and 65 and otherwise opposed Lyme's motion. Supreme Court granted preclusion — rejecting, in the process, plaintiffs' contention that an "omnibus clause" in a 1933 deed conveyed mineral rights to their predecessor-in-title that went beyond those specifically described — but not summary judgment. The court further discontinued plaintiffs' claims in certain great lots as requested, but did so with prejudice. It then added that the claims stricken in the June 2015 order were discontinued with prejudice and that any inconsistent provisions in the 2015 order were vacated. Plaintiffs appeal.
Plaintiffs first argue that Supreme Court erred in dismissing the mineral rights claims they had sought to withdraw with prejudice, and we agree. With regard to the mineral rights claims that were dismissed in the June 2015 order, their discontinuance was without prejudice due to the silence of that order as to whether plaintiffs could revisit them in another action (see CPLR 3217 [c]). Supreme Court accordingly modified the terms of the 2015 order when it held that those claims were discontinued with prejudice but, where "no motion was made and none of the circumstances set forth in CPLR 5015 (a) or 5019 (a) were applicable," it should not have done so (Armstrong Trading, Ltd. v MBM Enters., 29 AD3d 835, 836 [2006]; see Wells Fargo Bank, N.A. v Pabon, 138 AD3d 1217, 1218-1219 [2016]). Moreover, although CPLR 5019 (a) permits a court to correct "any mistake, defect or irregularity in the papers or procedures in [an] action not affecting a substantial right of a party," Supreme Court exceeded its power in substantively altering the 2015 order to strike plaintiffs' claims with prejudice (see B & H Fla. Notes LLC v Ashkenazi, 182 AD3d 525, 526 [2020]; Sokoloff v Schor, 176 AD3d 120, 130 [2019]). Supreme Court therefore erred in altering and vacating portions of the June 2015 order.
As for plaintiffs' mineral rights claims that were first dismissed in the appealed-from order, "whether an application to discontinue [claims] pursuant to CPLR 3217 (b) should be granted lies within the sound exercise of the court's discretion, and such should be entered 'upon terms and conditions, as the court deems proper'" (Matter of Fiacco v Engler, 79 AD3d 1206, 1207 [2010], quoting CPLR 3217 [b]; see Tucker v Tucker, 55 NY2d 378, 383 [1982]; Hurrell-Harring v State of New York, 112 AD3d 1213, 1214-1215 [2013]). Nevertheless, an application to discontinue should ordinarily be granted, and granted without prejudice, unless discontinuance will itself prejudice the opposing party (see Tucker v Tucker, 55 NY2d at 383-384; Wells Fargo Bank, N.A. v Fisch, 103 AD3d 622, 622 [2013]; Matter of Fiacco v Engler, 79 AD3d at 1207; Christenson v Gutman, 249 AD2d 805, 806 [1998]). The record does not bear out Lyme's contention that the withdrawal of claims to mineral rights in additional great lots prejudiced it by allowing plaintiffs to escape an adverse ruling on the merits that, to date, does not exist. It instead appears that plaintiffs wanted to withdraw the claims because they either involved land owned by nonparties or would complicate trial by involving areas beyond those that Supreme Court, in its 2015 order, had determined were subject to plaintiffs' mineral rights estate. Lyme did not explain how it could be prejudiced by future disputes over property that it does not own and, as for its lands, it "will have the same rights as were available" here should plaintiffs commence a future action involving them (Onewest Bank, FSB v Slowek, 115 AD3d 1083, 1084 [2014]; see Christenson v Gutman, 249 AD2d at 806). Lyme therefore failed to demonstrate prejudice arising from the withdrawal of claims by plaintiffs, and they should have been discontinued without prejudice (see Onewest Bank, FSB v Jach, 180 AD3d 1061, 1062 [2020]).
Next, plaintiffs argue that Supreme Court erred in determining that the omnibus clause of the 1933 deed was void for indefiniteness.[FN1] The 1933 deed was issued in the context of a mortgage foreclosure action, where a referee's deed "conveys only the interests of the foreclosure parties" (Jorgensen v Endicott Trust Co., 100 AD2d 647, 648 [1984]; see RPAPL 1353 [3]). It is accordingly essential that a referee's deed describe the mortgaged property interests and, as Supreme Court observed, one that describes the conveyance as "all the land of a debtor in a certain place is void for indefiniteness and uncertainty" (4 Warren's Weed New York Real Property § 38.17 [2019]; see Jackson v Delancey, 13 Johns 537, 551-552 [1816]; Jackson v Rosevelt, 13 Johns 97, 102-103 [1816]; 1 Rasch & Dolan, NY Law & Prac of Real Property § 24:43 [2020]). The 1933 deed, however, was not just a referee's deed. The debtor in the foreclosure action "join[ed] with the [r]eferee in the execution" of that deed and, having received separate consideration from the purchaser, conveyed all of its "property and assets" to the purchaser. The omnibus clause goes on to convey "all the right, title and interest of the [debtor] in and to all other real property or interests therein, whether herein described or not, and wheresoever located," as well as "all mines, mining rights and interests" on any public or private land. Unlike a referee, a property owner is free to convey whatever he or she owns and, "[i]f the property can be identified, the description may be sufficient if it identifies [the property to be conveyed] in a general manner only" (4 Warren's Weed New York Real Property § 38.16 [2019]; see Coleman v Manhattan Beach Improvement Co. [Ltd.], 94 NY 229, 232 [1883]; Zotos v Davgin, 265 AD2d 408, 408 [1999], lv dismissed 94 NY2d 944 [2000]). As a result, although the omnibus clause may ultimately be void if extrinsic evidence cannot establish what was being conveyed by it, Supreme Court erred in concluding, as a matter of law, that such was the case (see Zotos v Davgin, 265 AD2d at 409; Town of Brookhaven v Dinos, 76 AD2d 555, 561-562 [1980], affd for reasons stated below 54 NY2d 911 [1981]).
Finally, Lyme argues that, although it did not appeal, we should nevertheless search the record and grant that part of its motion seeking summary judgment. Our power to search the record in the summary judgment context flows from CPLR 3212 (b), which allows a court to grant summary judgment to "any party," including a nonappealing party, "other than the moving party" (see Dunham v Hilco Constr. Co., 89 NY2d 425, 429 [1996]; Merritt Hill Vineyards v Windy Hgts. Vineyard, 61 NY2d 106, 110-111 [1984]; Conroy v Swartout, 135 AD2d 945, 947 [1987]). The statutory language does not authorize us to grant summary judgment to a moving party that has failed to appeal from the order denying its motion. Thus, inasmuch as Lyme did not appeal, we cannot consider its request for affirmative relief that is "[un]necessary . . . to accord full relief to a party who has appealed" (Hecht v City of New York, 60 NY2d 57, 60 [1983]; see Buchta v Union-Endicott Cent. School Dist., 296 AD2d 688, 689 [2002]).
Egan Jr., J.P., Lynch, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as vacated portions of the order entered June 9, 2015 and dismissed certain of plaintiffs' claims with prejudice; said claims dismissed without prejudice; and, as so modified, affirmed.



Footnotes

Footnote 1: Although Supreme Court held that the omnibus clause was void in the context of its nonappealable ruling to preclude evidence at trial, the holding itself is appealable because it limited the scope of issues to be tried and impacted the merits of the dispute between the parties (see Reed v New York State Elec. & Gas Corp., 183 AD3d 1207, 1212-1213 [2020]; Calabrese Bakeries, Inc. v Rockland Bakery, Inc., 139 AD3d 1192, 1193-1194 [2016]).