Rusi Holding Corp. v Inner City El. (2021 NY Slip Op 01344)





Rusi Holding Corp. v Inner City El.


2021 NY Slip Op 01344


Decided on March 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 04, 2021

Before: Renwick, J.P., Kennedy, Scarpulla, Shulman, JJ. 


Index No. 650493/19 Appeal No. 13267 Case No. 2020-00787 

[*1]Rusi Holding Corp., et al., Plaintiffs-Appellants,
v
Inner City Elevator Also Known as Inner City Elevator Corp., et al., Defendants-Respondents.


Zane and Rudofsky, Melville (Edward S. Rudfosky of counsel), for appellants.
Sonageri & Fallon, L.L.C., Garden City (James L. Sonageri of counsel), for respondents.



Order, Supreme Court, New York County (Carol Ruth Feinman, J.), entered July 8, 2019, which denied as moot plaintiffs' motion to strike and/or dismiss defendants' counterclaim as, inter alia, time-barred, and marked the action disposed based upon the parties' so-ordered stipulation discontinuing a prior action between them raising the same claims, unanimously modified, on the law, the action reinstated, plaintiffs' motion granted to the extent of dismissing "count 2" of the counterclaim alleging detrimental reliance and promissory estoppel, and otherwise affirmed, without costs.
The parties agreed in a written stipulation that plaintiffs could discontinue their prior action without prejudice and commence a new action on the same claims, provided it was timely done within 30-days of the discontinuance (see A. Colish, Inc. v Abramson, 178 AD2d 252 [1st Dept 1991]). Plaintiffs satisfied the stipulation's conditions when commencing this new action, and a stipulation between parties to discontinue a prior action "should be given its intended effect" (Matter of Baird, Patrick & Co. v Epstein, 244 AD2d 155, 155 [1st Dept 1997]; see Baily v Brookdale Univ. Hosp. & Med. Ctr., 292 AD2d 328 [2d Dept 2002]).
Defendants are not precluded from asserting a counterclaim in this new action despite not having asserted one in the prior action, and even though the statute of limitations has run on such counterclaim. CPLR 203(d) authorizes a defendant to assert any counterclaims or defenses that may arise out of the same transactions or occurrences upon which a claim in the complaint depends, provided such counterclaim or defense serves as only a shield "to the extent of the demand in the complaint," and even though the counterclaim may be time-barred (X.L.O. Concrete Corp. v Rivergate Corp., 190 AD2d 113, 118 [1st Dept 1993], affd 83 NY2d 513 [1994]; see Mintz & Fraade, P.C. v Docuport, Inc., 110 AD3d 496 [1st Dept 2013]). Here, plaintiffs, in their complaint, allege, inter alia, that defendants breached the parties' agreements for the provision of elevator services and equipment.
"Count 1" of defendants' counterclaim sufficiently pleads a counterclaim for quasi contract based on allegations that defendants provided elevator services and materials to plaintiffs and invoiced plaintiffs for such work, but plaintiffs never made payment on such invoices (see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388 [1987]).
However, "Count 2" of defendants' counterclaim alleging detrimental reliance and promissory estoppel in connection with plaintiffs' alleged promises to pay defendants for their services and materials lacks factual allegations of a sufficiently clear and unambiguous promise, reasonable reliance by defendants on the purported
promises, and injury caused by the reliance (see Castelloti v Free, 138 AD3d 198, 204 [1st Dept 2016]). This second counterclaim should therefore be dismissed for failure to state a claim.
We have considered the remaining [*2]arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 4, 2021