Matter of Brian W. v Mary X. (2021 NY Slip Op 07332)





Matter of Brian W. v Mary X.


2021 NY Slip Op 07332


Decided on December 23, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 23, 2021

532251 532271 532680
[*1]In the Matter of Brian W., Appellant,
v
Mary X., Respondent. (And Two Other Related Proceedings.)

Calendar Date:November 17, 2021

Before:Egan Jr., J.P., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Bryan M. Racino, Niskayuna, for appellant.
John R. Winn, Granville, for respondent.



Clark, J.
Appeals (1) from an order and an amended order of the Family Court of Washington County (Michelini, J.), entered October 9, 2020 and December 11, 2020, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 8, for an order of protection, and vacated a temporary order of protection, (2) from an order and an amended order of said court, entered October 13, 2020 and December 11, 2020, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 8, to find respondent in willful violation of said temporary order, and (3) from an order of said court, entered December 11, 2020, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 8, for an order of protection.
In January 2020, several months after petitioner and respondent ended their intimate relationship, petitioner commenced the first of these Family Ct Act article 8 proceedings, alleging that respondent had committed the family offenses of disorderly conduct, harassment in the first or second degree, aggravated harassment in the second degree, assault in the second or third degree, stalking and attempted assault. Family Court issued an ex parte temporary order of protection on behalf of petitioner, and, in March 2020, petitioner commenced the second of these proceedings alleging that respondent had willfully violated the temporary order of protection. At an appearance in July 2020, Family Court scheduled a joint hearing on the family offense and violation petitions and, because the existing temporary order of protection was close to expiring, issued a new temporary order of protection on behalf of petitioner. Following the joint hearing, Family Court concluded that there was insufficient evidence to establish that respondent had committed a family offense against petitioner. Consequently, by order entered October 9, 2020, Family Court dismissed the family offense petition without prejudice and vacated the July 2020 temporary order of protection. Additionally, by order entered October 13, 2020, Family Court — upon its own motion — dismissed the violation petition without prejudice.
In December 2020, petitioner commenced the third of these proceedings alleging that respondent had committed the family offenses of disorderly conduct, harassment in the first or second degree, aggravated harassment in the second degree and stalking and that she had "violated a Family Court order several times." At an ex parte hearing held shortly thereafter, Family Court engaged in a sworn colloquy with petitioner regarding the allegations underlying his December 2020 petition, during which Family Court determined that, with the exception of an incident that had occurred in Vermont, the allegations raised in the petition had been fully litigated at the joint hearing on the January 2020 family offense petition and the March 2020 violation petition. As a result, Family Court issued an order, entered December [*2]11, 2020, dismissing the December 2020 petition with prejudice. Additionally, by separate amended orders entered December 11, 2020, Family Court amended the October 2020 orders to reflect that the January 2020 and March 2020 petitions were dismissed with prejudice. Petitioner appeals from the October 2020 orders, as well as the order and amended orders entered in December 2020.[FN1]
Petitioner asserts that Family Court erroneously dismissed his March 2020 violation petition based upon the mistaken belief that it lacked the authority to find a violation once it had determined that there was insufficient evidence to establish one of the family offenses alleged in the January 2020 petition. Although petitioner is correct that an unsuccessful family offense petition does not compel the dismissal of a petition alleging a violation of a temporary order of protection flowing from that family offense petition (see Family Ct Act §§ 846, 846-a; Matter of Lisa T. v King E.T., 30 NY3d 548, 554-555 [2017]; see also Matter of Wendy Q. v Jason Q., 94 AD3d 1371, 1373 [2012]), there is no indication that Family Court believed otherwise. In other words, contrary to petitioner's contention, there is nothing in the record to suggest that Family Court dismissed the violation petition because of some misperceived restriction on its authority. Rather, considering statements made by Family Court in its bench decision at the close of the joint hearing, it appears that Family Court's dismissal of the violation petition was based upon a failure of proof. Accordingly, as petitioner does not also challenge the dismissal on the merits, there is no basis upon which to disturb Family Court's dismissal of the March 2020 violation petition.
We also reject petitioner's contention that Family Court erred in dismissing his December 2020 petition with prejudice. The petition, together with the sworn statements made by petitioner during his ex parte colloquy with Family Court, made clear that petitioner was simply attempting to relitigate the allegations that formed the basis of his January 2020 family offense petition and his March 2020 violation petition.[FN2] Given that petitioner previously had a full and fair opportunity to litigate such allegations, Family Court properly dismissed the December 2020 petition with prejudice (see Stiles v Graves, 143 AD3d 1215, 1216 [2016]; compare Matter of Coughlin v Coughlin, 147 AD3d 1485, 1486 [2017]).
As a final matter, we agree with petitioner that Family Court erred in sua sponte amending its October 13, 2020 dismissal order from "without prejudice" to "with prejudice."[FN3] Family Court may, in its discretion, correct or amend an order, so as to cure mistakes, defects or irregularities in the order that do not affect a substantial right of a party (see CPLR 5019 [a]; Kiker v Nassau County, 85 NY2d 879, 881 [1995]) or to resolve any ambiguity in the order to make it comport with what the court's holding clearly intended (see e.g. Matter of [*3]Glazier v Brightly, 81 AD3d 1197, 1199 [2011]; Reback v Reback, 73 AD3d 890, 890 [2010]). However, in the absence of a motion pursuant to CPLR 2221 (d) or 5015 (a), Family Court lacks the authority to issue an amended or corrected order that alters its dismissal of a petition from "without prejudice" to "with prejudice," as such alteration is one of substance (see Champlain Gas & Oil, LLC v People of the State of New York, 185 AD3d 1192, 1193 [2020]; Sokoloff v Schor, 176 AD3d 120, 130-133 [2019]; Johnson v Societe Generale S.A., 94 AD3d 663, 664 [2012]; Roth v South Nassau Communities Hosp., 239 AD2d 331, 332 [1997]). Accordingly, as Family Court's amendment to the October 13, 2020 order was in error, we must reverse the amended order entered December 11, 2020 to the extent that it dismissed the March 2020 violation petition with prejudice (see Champlain Gas & Oil, LLC v People of the State of New York, 185 AD3d at 1193).
Egan Jr., J.P., Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the appeals from the orders entered October 9, 2020 and October 13, 2020 are dismissed, without costs.
ORDERED that the amended order entered December 11, 2020 dismissing the January 2020 petition and the order entered December 11, 2020 dismissing the December 2020 petition are affirmed, without costs.
ORDERED that the amended order entered December 11, 2020 dismissing the March 2020 petition is modified, on the law, without costs, by reversing so much thereof as dismissed said petition with prejudice; said petition is dismissed without prejudice; and, as so modified, affirmed.



Footnotes

Footnote 1: Inasmuch as the October 2020 orders were superseded by the amended orders entered on December 11, 2020, petitioner's appeals from the October 2020 orders must be dismissed (see Matter of Leah VV. [Theresa WW.], 157 AD3d 1066, 1066 n [2018], lv dismissed 31 NY3d 1037 [2018]).

Footnote 2: The only new allegation raised by petitioner related to an incident that supposedly occurred in Vermont sometime after the temporary order of protection was vacated.

Footnote 3: Petitioner has not raised any arguments with respect to the December 2020 amended order addressing his January 2020 family offense petition or any of the issues brought up for review on his appeal therefrom.