Matter of Connors v City of New York (2022 NY Slip Op 03209)





Matter of Connors v City of New York


2022 NY Slip Op 03209


Decided on May 17, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 17, 2022

Before: Mazzarelli, J.P., Oing, Moulton, González, Kennedy, JJ. 


Index No. 150629/21 Appeal No. 15943 Case No. 2021-04339 

[*1]In the Matter of Paul Connors, Petitioner-Appellant,
v
City of New York et al., Respondents-Respondents.


Law Office of Stanley J. Silverstone, New City (Stanley J. Silverstone of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Geoffrey M. Stannard of counsel), for respondents.



Judgment, Supreme Court, New York County (Frank P. Nervo, J.), entered July 21, 2021, to the extent appealed from as limited by the briefs, denying the petition brought pursuant to CPLR article 78 to expunge the May 6, 2019 disciplinary letter from petitioner's personnel file, unanimously affirmed, without costs.
As the four-month statute of limitations on article 78 proceedings began to run when the disciplinary letter was placed in petitioner's file, i.e., on May 6, 2019, and this proceeding was not commenced until, at the earliest, January 13, 2021, the court should not have considered the letter (see Hazen v Board of Educ. of City School Dist. of City of N.Y., 75 AD3d 471 [1st Dept 2010], affd 17 NY3d 728 [2011]).
Were judicial review of the letter not foreclosed, we would find that respondents' determination had a rational basis, since it was founded upon credible complaints supported by witness statements (see Maas v Cornell Univ., 94 NY2d 87, 92 [1999] ["administrative decisions of educational institutions involve the exercise of highly specialized professional judgment and these institutions are, for the most part, better suited (than courts) to make relatively final decisions concerning wholly internal matters"]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 17, 2022