Delosh v Amyot (2022 NY Slip Op 03782)

Delosh v Amyot

2022 NY Slip Op 03782

Decided on June 9, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 9, 2022

533285
[*1]Brenda Delosh, Individually and as Administrator of the Estate of Mitchell D. Heimbach, Deceased, Appellant,
v
James Amyot, as Executor of the Estate of Ellen M. Amyot, Deceased, Respondent.

Calendar Date:April 18, 2022

Before:Egan Jr., J.P., Colangelo, Ceresia and Fisher, JJ.

Mahlon T. Clements, Morristown, for appellant.
O'Connor, O'Connor, Bresee & First, PC, Albany (Elizabeth Yoquinto of counsel), for respondent.

Ceresia, J.
Appealfrom an order and an amended order of the Supreme Court (Farley, J.), entered January 27, 2021 and April 9, 2021 in St. Lawrence County, which, among other things, denied plaintiff's motions to renew and to strike thenote of issue.
The facts of this case have been fully discussed in Delosh v Amyot (186 AD3d 1793 [2020]). Plaintiff's son was killed while riding a bicycle when he collided with a vehicle driven by Ellen M. Amyot. Some months later, Amyot and her husband, the only other witness to the collision, died of causes unrelated to the accident. Plaintiff then commenced this wrongful death action, individually and as administrator of her son's estate. In the course of litigation, plaintiff moved to compel production of certain of Amyot's medical and pharmacy records, and Supreme Court denied that motion. Plaintiff thereafter moved to renew her motion to compel and also moved to strike defendant's note of issue. Supreme Court denied those motions as well, prompting this appeal by plaintiff.[FN1]
"A motion for leave to renew . . . shall be based upon new facts not offered on the prior motion that would change the prior determination . . . and . . . shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e]; see Matter of Piacente v DiNapoli, 198 AD3d 1026, 1027 [2021]). This Court "generally decline[s] to disturb the decision to grant or deny a motion to renew absent an abuse of the trial court's discretion" (Khan v Levy, 52 AD3d 928, 929 [2008] [internal quotation marks and citations omitted]; see Matter of James H. Supplemental Needs Trusts, 172 AD3d 1570, 1575 [2019]).
In support of her motion to renew, plaintiff submitted the deposition transcript and a handwritten note of Sheriff's Deputy Patrick Engle, both of which indicate that, on the date of the accident, Amyot told Engle that she had a prescription for Fentanyl patches. However, recognizing that plaintiff previously submittedevidence of Amyot's Fentanyl prescription in connection with her2018 motion for summary judgment, these latest submissions do not set fortha new fact (see CPLR 2221 [e] [2]). For this reason, Supreme Court correctly denied plaintiff's motion to renew.
Moreover, plaintiff failed to show that this purported new fact would have changed Supreme Court's prior determination (see CPLR 2221 [e] [2]). "A party seeking to inspect a defendant's medical records must first demonstrate that the defendant's physical or mental condition is in controversy" (Peterson v Estate of Rozansky, 171 AD3d 805, 807 [2019] [internal quotation marks and citations omitted]; see CPLR 3121 [a]). Here, Amyot told Englethat she was not using the Fentanyl patch on the date of the accident, and Engletestified that there was no suspicion that drugs or alcohol were involved in the accident. Plaintiff pointed to no evidence to the contrary. Accordingly, Supreme Court properly determined that Amyot's medical condition was [*2]not in controversy, thereby providing an additional basis to deny plaintiff's motion to renew (see Koump v Smith, 25 NY2d 287, 300 [1969]; Robinson v Meca, 214 AD2d 246, 248 [1995]).[FN2]
In light of the foregoing, plaintiff's motion to strike the note of issue — on the basis that disclosure of the medical and pharmacy records remained outstanding — was also properly denied (see Ireland v GEICO Corp., 2 AD3d 917, 919 [2003]).
Egan Jr., J.P., Colangelo and Fisher, JJ., concur.
ORDERED that the appeal from the order is dismissed, with costs.
ORDERED that the amended order is affirmed, with costs.

Footnotes

Footnote 1: Inasmuch as the January 2021 order was superseded by the April 2021 amended order — which was issued to correct a citation — plaintiff's appeal from the January 2021 order must be dismissed (see Matter of Brian W. v Mary X., 200 AD3d 1439, 1441 n 1 [2021]).

Footnote 2: Plaintiff raises the Noseworthy doctrine in support of her argument that she is entitled to Amyot's records(see generally Noseworthy v City of New York, 298 NY 76 [1948]). This doctrine, which establishes a relaxed standard of proof at trial in certain wrongful death actions, is inapplicable to a discovery dispute such as the one at issue here.