Iannotti v Two Plus Four Mgt. Co. (2022 NY Slip Op 06054)

Iannotti v Two Plus Four Mgt. Co.

2022 NY Slip Op 06054

Decided on October 27, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 27, 2022

534636
[*1]Kelly M. Iannotti, Respondent,
v
Two Plus Four Management Company et al., Appellants.

Calendar Date:September 9, 2022

Before:Garry, P.J., Egan Jr., Lynch, Clark and Ceresia, JJ.

Wilson Elser Moskowitz Edelman & Dicker LLP, Albany (Christopher J. Martin of counsel), for appellants.
Law Office of Edward P. Ryan, Albany (Christopher P. Meyer of counsel), for respondent.

Egan Jr., J.
Appeal from an order of the Supreme Court (Thomas Buchanan, J.), entered December 2, 2021 in Montgomery County, which denied defendants' motion for leave to renew.
The following facts are undisputed. In 2010, plaintiff rented an apartment in a building owned by defendant Wallins Corners Apartments Company, L.P. and managed by defendant Two Plus Four Management Company and located on Midline Road in the City of Amsterdam, Montgomery County. On March 8, 2010, after complaints by plaintiff about a hole in the linoleum flooring in one of her apartment's bathrooms, Caron Thomas, the property manager, installed new linoleum tile flooring. Thomas had to disconnect and remove the toilet in order to perform that work. Plaintiff made no complaints about the condition of the bathroom in the week after that work, at which point she fell in the bathroom and was injured. A daughter who lived with plaintiff, Kelly Lisicki, called 911 as well as plaintiff's mother and sister. The sister described arriving on the scene and finding plaintiff lying on a "spongy" bathroom floor in a puddle of water near the toilet.[FN1] Plaintiff subsequently complained about a leaking toilet supply line in the bathroom and, on April 30, 2010, Thomas repaired that problem as well as a tile that had come loose.
This premises liability action, commenced in 2013, alleges that Thomas improperly installed the linoleum tile flooring and failed to securely connect the toilet supply line when she reinstalled the toilet, leading to pooled water and loosened linoleum tiles that plaintiff slipped and fell on a week later. Following joinder of issue, extensive discovery was conducted to explore, among other things, plaintiff's claim that she had not noticed the condition of the bathroom before her accident because she had been attending to Lisicki in the hospital for most of the time between Thomas's work and her accident. Defendants relied upon the conflicting proof on that point in moving for summary judgment dismissing the complaint, arguing that her explanation as to why she had not noticed a leak was open to question and that she was only speculating as to whether the water on the floor was from that leak. Plaintiff, in turn, cross-moved for summary judgment. Supreme Court denied both motions in an order entered in September 2019, noting the undisputed facts regarding the flooring installation, plaintiff's accident and subsequent repair work and the existence of conflicting expert opinions as to whether Thomas had performed the installation work in a negligent manner, and further determining that the timing of the hospitalization raised an issue regarding plaintiff's credibility that could not be resolved in the summary judgment context.
On the morning that the jury trial on liability was scheduled to commence in November 2019, plaintiff advised that she intended to put her mother on the stand despite defendants' unsuccessful efforts to depose her mother and plaintiff's prior assurances that [*2]she would not call her mother as a witness. A continuance was granted so that plaintiff's mother could be deposed and, at that October 2020 deposition, she testified that Lisicki was hospitalized after, not before, plaintiff's accident. Defendants then moved for leave to renew their motion for summary judgment in May 2021, arguing the deposition testimony of plaintiff's mother showed plaintiff's account of the accident to be incredible. Supreme Court rendered a decision from the bench denying the motion, and defendants appeal from the ensuing order.
As we are unpersuaded that Supreme Court abused its discretion in denying defendants' renewal motion, we affirm (see Delosh v Amyot, 206 AD3d 1194, 1194 [3d Dept 2022]; Matter of James H. Supplemental Needs Trusts, 172 AD3d 1570, 1575 [3d Dept 2019]). "A motion for leave to renew . . . shall be based upon new facts not offered on the prior motion that would change the prior determination . . . and . . . shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e]; accord Delosh v Amyot, 206 AD3d at 1194; see Matter of Piacente v DiNapoli, 198 AD3d 1026, 1027 [3d Dept 2021]). Defendants provided new facts in the form of the deposition testimony of plaintiff's mother, as well as a reasonable justification for failing to present them on their motion for summary judgment. What defendants failed to do was demonstrate, as required, that those facts would change Supreme Court's initial denial of their motion.
To be sure, the testimony of plaintiff's mother cast doubt upon plaintiff's claims regarding her whereabouts in the week between Thomas' flooring work in the bathroom and the accident. A court does not assess credibility on a motion for summary judgment, however, and our review of the record confirms that the discrepancy on the collateral issue of plaintiff's whereabouts prior to the accident did not render plaintiff's main contentions regarding the accident itself "feigned or incredible as a matter of law" so as to warrant rejecting them (Rock-Wright v O'Connor, 172 AD3d 1507, 1509 [3d Dept 2019]; see Somersall v New York Tel. Co., 52 NY2d 157, 168-169 [1981]; Morales v Digesare Mech., Inc., 176 AD3d 1442, 1443 [3d Dept 2019]). To the contrary, even if the jury found plaintiff's recollection to be faulty in some respects, it could readily find from the undisputed sequence of events, the expert proof indicating that Thomas was negligent performing the initial installation work, and the observations of plaintiff and her family members who were on the scene shortly after plaintiff fell, that Thomas improperly installed the flooring and reconnected the toilet supply line and that her improper work was the cause of the puddled water and loose tiles that plaintiff slipped on a week later. Thus, as the significance of the discrepancy in plaintiff's testimony presented nothing more than a credibility issue for the jury, defendants did not "submit new evidence [*3]that would have changed the prior determination" and Supreme Court properly denied their motion to renew (Mosquera v Roach, 151 AD3d 1056, 1058 [2d Dept 2017]; see Ferguson v Durst Pyramid, LLC, 205 AD3d 518, 519-520 [1st Dept 2022]).
Garry, P.J., Lynch, Clark and Ceresia, JJ., concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: A second daughter also resided with plaintiff, but attended college out of the area and was not present during the relevant period.