245 E. 19 Realty LLC v 245 E. 19th St. Parking LLC (2024 NY Slip Op 50664(U))

[*1]

245 E. 19 Realty LLC v 245 E. 19th St. Parking LLC

2024 NY Slip Op 50664(U)

Decided on June 5, 2024

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 5, 2024
Supreme Court, New York County

245 E. 19 Realty LLC, Plaintiff,

against
245 E. 19th Street Parking LLC, Icon Parking Holdings, LLC, HPS Investment Partners, LLC, AP Mezzanine Partners II, L.P., Offshore Mezzanine Partners Master Fund II, L.P., Institutional Mezzanine Partners II Subsidiary, L.P., Jeffrey Fitts, Scot French, and John Does 1-20, Defendants.

Index No. 651004/2022

Attorneys for Plaintiff:
Bradley S. Silverbush of Rosenberg & Estis, P.C.
Attorneys for Defendants:
Justin M. Ellis for MoloLamken LLP
Joshua D. Bloom for MoloLamken LLP

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 003) 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 122, 123, 124, 125, 126, 127, 131 were read on this motion for RENEWAL.
This action arises out of defendants' alleged fraudulent scheme to deprive plaintiff of rental fees on the subject parking garage premises. In motion sequence number 003, plaintiff moves pursuant to CPLR 2221 (e) for leave to renew the motion (seq. no. 001) of defendants HPS Investment Partners, LLC, AP Mezzanine Partners II, L.P., Offshore Mezzanine Partners Master Fund II, L.P., Institutional Mezzanine Partners II Subsidiary, L.P., Jeffrey Fitts, and Scot French (the HPS defendants) to dismiss the complaint as against them, and, upon renewal, for a denial of the motion in its entirety or, in the alternative, a denial of the motion without prejudice to renewal after completion of discovery. For the reasons set forth herein, the motion is denied in its entirety.
Defendant 245 E. 19th Street Parking LLC (tenant), tenant of the subject premises and an affiliate of defendant Icon Parking Holdings, LLC (Icon), allegedly breached its lease with plaintiff by failing to pay rent for a total of $844,766.45 as of February 9, 2021 and surrendering possession of the subject premises. Plaintiff has already sued Icon and its affiliates in four dozen legal actions relating to other parking garages run by Icon and its affiliates. As relevant here, plaintiff alleges that the HPS defendants, who allegedly hold a controlling interest in Icon, planned and caused Icon and Icon-affiliates, including tenant at the subject premises, to breach their lease agreements. To this end, the HPS defendants allegedly caused Icon-affiliated garages and tenant to transfer funds to Icon, for Icon to transfer to HPS and John Does 1-20—i.e., to keep the funds out of plaintiff's reach. Plaintiff alleges, upon information and belief, that HPS controls Icon, that Icon has been merged into HPS, and that Icon acted at the direction of HPS.
In its complaint, plaintiff asserts ten causes of action for (1) declaratory judgment, (2) breach of contract against tenant, (3) alter ego liability/piercing the corporate veil against all defendants, (4) de facto merger against all defendants, (5) tortious interference with the lease against all defendants, (6) piercing the corporate veil against HPS and/or John Does 1-20, (7) tortious interference with contract against all defendants, (8) unjust enrichment against all defendants, (9) fraudulent conveyance under Debtor and Creditor Law (DCL) § 273 against all defendants, and (10) attorneys' fees under DCL § 276-a.
On August 31, 2023, the court granted the HPS defendants' motion to dismiss (seq. no. 001), dismissing all ten claims as against them. In the order, the court observed that plaintiff had failed to set forth, beyond "mere hope," why further discovery regarding any liens would be material to its opposition (see 245 E. 19 Realty LLC v 245 E. 19th St. Parking LLC, 80 Misc 3d 1206[A], 2023 NY Slip Op 50927[U], *28 [Sup Ct, NY County 2023] [decision and order, motion seq. no. 001]). The court also observed that plaintiff had not explained "how the HPS defendants' filing of allegedly fraudulent liens against Icon's affiliates constitutes a de facto merger or why the allegedly fraudulent liens provide 'unambiguous evidence of a coordinated takeover of the Icon Affiliates by the HPS Defendants.'" (see id. at *19, n 5).
Upon plaintiff's appeal of the order, the Appellate Division on January 30, 2024 affirmed the court's dismissal of all claims as against the HPS defendants (see 245 E. 19 Realty LLC v 245 E. 19th St. Parking LLC, 223 AD3d 604, 607 [1st Dept 2024]).
Here, plaintiff seeks to renew the motion on the basis that newly uncovered evidence purportedly shows that, in April 2023, HPS renewed certain liens on several Icon branded garages in connection with loans it extended to them (affirmation of plaintiff's counsel ¶ 27), despite the fact that the HPS defendants represented to the court that the promissory notes were unsecured.
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination," and "shall contain reasonable justification for the failure to present such facts on the prior motion" (Queens Unit Venture, LLC v Tyson Ct. Owners Corp., 111 AD3d 552, 552 [1st Dept 2013]; see CPLR 2221 [e] [2], [3]).
Plaintiff does not explain what impact this evidence has on the claims that were dismissed as against the HPS defendants, or even which claims would be affected. Instead, plaintiff merely observes that it is evident now that some of defendants' representations were inaccurate, namely that HPS's notes were unsecured. Plaintiff claims this shows that "the nature of the relationship between Icon and HPS is incestuous" (affirmation of plaintiff's counsel ¶ 30). It does not explain why the fact that some of the notes are in fact secured by liens on Icon-[*2]affiliates' assets should change the court's determination. On reply, plaintiff suggests that the new evidence "begs the question . . . why if Icon surrendered possession of subject premises on March 30, 2021, did the HPS Defendants file UCC liens two years later (and after submission of their motion to dismiss)?" (reply brief for plaintiff at 4). To merit renewal of the motion, plaintiff must do more than "beg[] the question." Instead, plaintiff must show that new facts "would change the prior determination" (Queens Unit Venture, LLC), which it has failed to do. As the court previously observed, plaintiff has not explained "how the HPS defendants' filing of allegedly fraudulent liens against Icon's affiliates constitutes a de facto merger or why the allegedly fraudulent liens provide 'unambiguous evidence of a coordinated takeover of the Icon Affiliates by the HPS Defendants'" (decision and order, motion seq. no. 001 at *19, n 5). Where plaintiff has failed to set forth its reasoning, the motion must be denied.
Even if the court were to surmise plaintiff's argument, the evidence does not demonstrate cause for renewal. In its brief in opposition to the HPS defendants' motion to dismiss, plaintiff invoked the liens with respect to its arguments for corporate veil piercing and de facto merger—that is, to show that HPS should be liable for the conduct of tenant and Icon—and to argue for fraudulent conveyance. Plaintiff argued that the liens showed that HPS was the "ultimate beneficiar[y] of Tenant's diverted parking garage revenues" (plaintiff's brief in opposition to motion to dismiss, seq. no. 001, at 12).
However, the court decided the motion on the basis that the alleged "fraudulent liens," even if accepted as fact, would not have sustained plaintiff's claims (see decision and order, motion seq. no. 001 at *12, *19 n 5). Even if the HPS defendants benefited from the liens, the liens do not show that HPS dominates Icon or is effectively merged with Icon; nor do they show that HPS is the ultimate recipient of fraudulently conveyed funds. As the Appellate Division observed in its decision and order on plaintiff's appeal of this court's decision and order, "liens made by HPS to Icon and Tenant . . . are not, in and of themselves, evidence of control or of any subsequent transfer" (245 E. 19 Realty LLC v 245 E. 19th St. Parking LLC, 223 AD3d 604, 607 [1st Dept 2024]). Where "[t]he evidence is not inconsistent with the material information . . . that provided the basis for this Court's rejection" of plaintiff's argument, the motion for renewal must be denied (Ferguson v. Durst Pyramid, LLC, 205 AD3d 518, 519 [1st Dept 2022]).
Accordingly, it is hereby
ORDERED that plaintiff's motion is denied in its entirety.
DATE June 5, 2024
ROBERT R. REED, J.S.C.